In re Barbara J. CIETEK, Debtor.

Greensward, Inc., Plaintiff,

v.

Barbara J. Cietek, Defendant.

Bankruptcy No. 06–11008.
Adversary No. 06–90191.

United States Bankruptcy Court,
N.D. New York.

April 18, 2008.

774

Schiller & Knapp, LLP., William B. Schiller, Esq., Latham, NY, for Plaintiff.

O'Connor, O'Connor, Bresee & First, PC., Michael J. O'Connor, Esq., Albany, NY, for Debtor/Defendant.

## MEMORANDUM–DECISION AND ORDER

ROBERT E. LITTLEFIELD, JR., Bankruptcy Judge.

Greensward, Inc. ("Greensward" or "Plaintiff") commenced this adversary proceeding against Barbara J. Cietek ("Defendant" or "Debtor") seeking a determination that the state court consent judgment it obtained against the Debtor in connection with an underlying action based upon fraud, embezzlement and constructive trust is non-dischargeable under 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.[1] Currently before the court is a motion for summary judgment filed by Greensward pursuant to Federal Rule of Civil Proce-

---

1. Unless otherwise noted, all statutory references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532.

dure 56, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P.") 7056.

## JURISDICTION

The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(B) and 1334(b).

## FACTS

The relevant facts are as follows.[2] Greensward is a former employer of the Debtor. Greensward sued Debtor in Kent County Circuit Court, State of Michigan. The lawsuit was resolved by a Stipulation and Order for Consent Judgment ("Consent Judgment"), in which the Debtor stipulated that she "does not contest the allegations made by Greensward in its Verified Complaint for Fraud, Embezzlement and Constructive Trust." (Pl.Mot. Summ. J. Ex. A.(No.6).) In addition, Debtor consented to a civil judgment of $220,824.45 being entered against her and in favor of Greensward on July 6, 2001. The Consent Judgment also states that "[t]he Judgment is non-dischargeable under Section 532(a)(4) of the United States Bankruptcy Code." *Id.* The Consent Judgment is signed only by the attorneys representing the Debtor and the Plaintiff in the state court action and not the parties individually.

Thereafter, on April 30, 2006, Debtor filed her chapter 13 petition, listing two outstanding debts to Greensward on Schedule F (Creditors Holding Unsecured Nonpriority Claims): a criminal restitution claim, in the amount of $169,000.00;[3] and the Consent Judgment, also in the amount of $169,000.00. (Case No. 06–11008, No. 1.) With her petition, the Debtor filed her chapter 13 plan, which provides that the "[r]estitution payment regarding Greensward Landscaping c/o Kent County Circuit Court will continue to be paid at $100/month outside the plan." (*Id.*, No. 5.) Debtor's plan also states, "*Unsecured Creditors.* (All creditors not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims.)" (*Id.*) The plan does not specifically mention the Consent Judgment debt owed to Greensward. In her plan, the Debtor estimates unsecured claims total $364,581.00. Pursuant to the court docket, Greensward was served with the Debtor's plan by first class mail on May 3, 2006. (*Id.*, No. 8.)

The Debtor's meeting of creditors was held on May 23, 2006. On June 16, 2006, the Debtor's plan was confirmed by default ("Confirmed Plan"). The confirmation order was signed and entered on October 16, 2006.

---

2. The parties failed to file a separate, short, and concise statement of material facts, in accordance with Local Rule 7056–1, which is grounds for denial of the motion. "Nonetheless, in the interest of judicial economy, the court exercises its discretion to 'conduct an assiduous review of the record in order to weigh the propriety of granting' plaintiff's motion." *N.Y. State Teamsters Conference Pension & Ret. Fund v. Syracuse Movers, Inc.*, No. 5:02–CV00733, 2004 WL 2931663, *1 (N.D.N.Y. Nov.22, 2004) (quoting *Jones v. SmithKline Beecham Corp.*, 309 F.Supp.2d 343, 346 n. 4 (N.D.N.Y.2004)).

3. Although the restitution is addressed in the Debtor's plan, there is no indication of the basis for the restitution in the record. Plaintiff indicates in its memorandum of law that the Debtor pled guilty and was convicted of embezzlement of $20,000 or more on September 27, 2001. As a result, Plaintiff states Debtor was ordered to pay criminal restitution to the Kent County Clerk in the amount of $221,134.85. However, as there is no evidence in the record before the court, the court can make no such finding.

The deadline for creditors to file a proof of claim in the Debtor's case was August 21, 2006. In addition, creditors had 60 days from the date of the meeting of creditors to file a complaint to determine dischargeability of certain debts. Plaintiff inadvertently electronically filed its complaint in the Debtor's main case (Case No. 06–11008) on July 24, 2006. In response to a notice of deficiency the Plaintiff received from the court, the adversary complaint was refiled on the adversary proceeding docket on July 25, 2006 ("Complaint"). (No. 1.)

The Plaintiff pleads only one cause of action, namely the Consent Judgment is non-dischargeable under § 523(a)(4) based upon its explicit terms and *res judicata*. Defendant filed an answer to the Complaint on August 7, 2006. (No. 4.) In her answer, the Debtor asserts three affirmative defenses: failure to state a cause of action; the Complaint was untimely filed; and the right to raise any further defenses after an opportunity to examine the Consent Judgment. A scheduling order was issued on August 8, 2006. (No. 5.)

On November 1, 2006, Plaintiff filed its motion for summary judgment. (No. 6.) After several adjournments, conferences and oral arguments, the court allowed each party time to submit memoranda of law. The final submission was filed on December 14, 2007, at which time this matter was taken under advisement.

## ARGUMENTS

In the Complaint, Plaintiff asserts that the Consent Judgment is *res judicata;* thus, the Debtor is precluded from relitigating the issue as to whether her debt to the Plaintiff is dischargeable under § 523(a)(4). In the summary judgment motion, Plaintiff maintains that the Consent Judgment should have the same preclusive effect it would under Michigan state law. According to the Plaintiff, *res judicata* applies to consent judgments under Michigan law.

In opposition to the motion, Defendant argues that the Complaint was untimely, because it was filed after the deadline and after confirmation of the plan. Defendant contends that even if the Complaint were timely, the Confirmed Plan is *res judicata* as to the Complaint, because the Plaintiff was on notice of the plan and confirmation hearing. Defendant cites *In re Layo*, 460 F.3d 289 (2d Cir.2006), as support for the proposition that a chapter 13 confirmation order has *res judicata* effect. Defendant further relies on *In re Ramsey*, 356 B.R. 217 (Bankr.D.Kan.2006), to support the theory that a confirmation order may be *res judicata* even though the plan attempts to accomplish relief normally requiring an adversary proceeding, as long as the plan clearly puts the creditor on notice that its rights are being affected. Defendant maintains that pursuant to § 1327, a confirmed plan binds the debtor and creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, accepted or rejected the plan.

The Defendant insists that *res judicata* is applicable because all three necessary factors are satisfied in this case: (1) a final judgment on the merits; (2) identity of the parties; and (3) identity of the cause of action. Defendant asserts the confirmation order was a final judgment on the merits. More specifically, the Defendant argues that the Plaintiff had adequate notice of the confirmation hearing and the plan; therefore, the Plaintiff was a party to the hearing. Finally, the Defendant claims the Consent Judgment debt was scheduled as general unsecured to be discharged through the plan, which put the Plaintiff on clear notice of Debtor's intentions. Accordingly, the Defendant sets

forth that the Plaintiff's claim was dealt with in the Confirmed Plan, and the Plaintiff is precluded from relitigating its treatment.

The Plaintiff insists that the Complaint was timely filed. In addition, relying on *Whelton v. Educ. Credit Mgmt. Corp.*, 432 F.3d 150 (2d Cir.2005), the Plaintiff submits that confirmed plans have no preclusive effect on issues that must be commenced by adversary proceeding or were not clearly evidenced in a plan so as to provide adequate notice to the creditors.

Plaintiff argues, in the alternative, that *res judicata* cannot apply to bar the adversary proceeding because essential elements for the application of *res judicata* have not been satisfied. Plaintiff notes that the confirmation order was not entered before the Complaint was filed; thus, there was no final judgment on the merits prior to the commencement of the adversary proceeding. Plaintiff points out that the dischargeability issue was not actually litigated at the confirmation hearing. As a result, Plaintiff maintains there was no identity of the cause of action.

## DISCUSSION

### Timeliness of the Complaint

 Fed.R.Bankr.P. 4007(c) allows a complaint to determine the dischargeability of a debt to be filed up to 60 days after the meeting of creditors. In this case, 60 days from the meeting of creditors fell on Saturday, July 22, 2006. As a result, pursuant to Fed.R.Bankr.P. 9006(a),[4] the deadline was extended to Monday, July 24, 2006. The Complaint was filed with the court on July 24, 2006, albeit on the docket of the Debtor's underlying chapter 13 case, rather than on a separate adversary proceeding docket.[5] The court will not penalize the Plaintiff for filing the Complaint in the wrong place. As the Complaint was with the court on July 24, 2006, the court finds the Plaintiff's adversary proceeding was timely commenced. Although the Debtor argues that the Complaint was untimely because it was filed after her plan was confirmed, she provides no authority to support this position.

### Res judicata

 Having determined the Complaint was timely, the next issue before the court is whether the Confirmed Plan is *res judicata* as to the Plaintiff's argument that its debt should be deemed non-dischargeable. *Res judicata*, or claim preclusion, prevents a party from re-litigating a claim after the claim has already been decided by a court of competent jurisdiction. The doctrine of *res judicata* applies to (1) valid, final judgments on the merits, (2) rendered by a court of competent jurisdiction, (3) which are based on the same cause of action (4) between the same parties. *See Eurocrafters, Ltd. v. Vicedomine*, No. 1:04–CV–855GLS, 2005 WL 1260390, at *3

---

4. **Rule 9006. Time**
(a) **COMPUTATION.** In computing any period of time prescribed or allowed by these rules, or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which whether or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. FED. R. BANKR.P. 9006(a).

5. Procedurally, a plaintiff must electronically open a separate adversary proceeding to receive an adversary proceeding number.

n. 3 (N.D.N.Y. May 18, 2005) (citation omitted).

■■■■ The Second Circuit has held that although *res judicata* applies to issues in a confirmed plan, there is no preclusive effect of a confirmed plan on " '[i]ssues that must be brought by an adversary proceeding, or were not sufficiently evidenced in a plan to provide adequate notice to the creditor'." *Whelton*, 432 F.3d at 154 (quoting *Enewally v. Wash. Mut. Bank*, 368 F.3d 1165, 1173 (9th Cir.2004)). In *Whelton*, the court found that a chapter 13 plan that attempted a "discharge by declaration" of a student loan based on Debtor's "undue hardship" did not preclude the creditor from challenging dischargeability of the loan because the issue had not been adjudicated on the merits. *Id.* The Defendant argues that the case at bar deals with a civil judgment, which, unlike student loans, is not "self-executing" or inherently non-dischargeable. However, " '[i]f an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect'." *Enewally*, 368 F.3d at 1173 (quoting *Cen–Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir.1995)). A proceeding to determine the dischargeability of debt requires the commencement of an adversary proceeding. *See* FED. R. BANKR.P. 7001(6). Therefore, the Confirmed Plan is not *res judicata* as to the treatment of the Plaintiff's claim as evidenced by the Consent Judgment.

*In re Layo*, 460 F.3d 289, relied upon by Defendant, is inapplicable to the facts of this case. In *Layo*, the debtor's plan provided that the creditor's claim was secured by a valid first mortgage against debtor's real estate, and debtor would continue to make monthly payments directly to creditor. The creditor did not oppose the treatment of its claim, and the plan was confirmed. Post-confirmation, the debtor attempted to avoid the creditor's mortgage lien. The Second Circuit held it was too late as the chapter 13 confirmation order was *res judicata* as to the treatment of the creditor's claim.

Defendant also relies on *In re Ramsey*, 356 B.R. 217 (Bankr.D.Kan.2006), where the court held "[a]n order confirming a Chapter 13 plan may be a final judgment on the merits even though the plan attempts to accomplish relief normally requiring an adversary proceeding." *Id.* at 223. However, the *Ramsey* court indicated before a plan may be *res judicata* for unlitigated provisions it must:

(1) specifically and unambiguously advise the creditor that its rights will be altered by confirmation of the plan; (2) decisively advise the creditor how its claim shall be treated upon confirmation; and (3) provide heightened notice to the creditor that, at a minimum, advises of the extraordinary provision to be given preclusive effect in a confirmation order.

*Id.* at 224. These requirements were not met in this case. Moreover, the court is not bound by *Ramsey* and, as indicated *supra*, the Second Circuit has held that *res judicata* does not allow the confirmation process to obliterate the need for an adversary proceeding. *See Whelton*, 432 F.3d 150.

**Summary Judgment**

Turning to the merits of Plaintiff's motion, a party is entitled to summary judgment upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); FED. R. BANKR.P. 7056. The court must view the evidence in a light most favorable to the non-moving party. *Barhold v. Rodriguez*, 863 F.2d 233, 236 (2d Cir.1988). Where the burden of proof

at trial would fall on the party seeking summary judgment, that party must support its motion with evidence in the form of affidavits, admissions, depositions, answers to interrogatories, and the like as to each essential element of its cause of action. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the motion is properly supported, the burden shifts to the adverse party to submit evidence indicating the existence of a genuine issue as to at least one material fact. *Id.*

A creditor seeking to except a debt from discharge under § 523(a) must prove the necessary elements by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Section 523(a)(4) of the Bankruptcy Code excepts from discharge "any debt ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." 11 U.S.C. § 523(a)(4). "[E]xceptions to discharge must be strictly and literally construed against the creditor and liberally construed in favor of the honest debtor." *In re Spar*, 176 B.R. 321, 326 (Bankr.S.D.N.Y. 1994) (citations omitted). This is consistent with the fresh start policy under the Bankruptcy Code.

The Plaintiff's complete case is premised on the theory that the express terms of the Consent Judgment preclude the Defendant from discharging this debt. While the Consent Judgment indicates that the debt is non-dischargeable under § 523(a)(4), Bankruptcy Courts retain exclusive jurisdiction to determine the non-dischargeability of a debt under § 523(a)(4). *In re Gonzalez*, 241 B.R. 67, 72–73 (S.D.N.Y.1999) (citing *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979)). Therefore, this court does not adopt the non-dischargeability provision in the Consent Judgment.

Furthermore, the Seventh Circuit has held in dicta that "[f]or public policy reasons, a debtor may not contract away the right to a discharge in bankruptcy. However, a debtor may stipulate to the underlying facts that the bankruptcy court must examine to determine whether a debt is dischargeable." *Klingman v. Levinson*, 831 F.2d 1292, 1296, n. 3 (7th Cir.1987). In *Levinson*, in a pre-petition, state court consent judgment, the debtor had stipulated to facts establishing fiduciary defalcation and that the debt would not be dischargeable in bankruptcy. Although the court ultimately found the debt non-dischargeable, the court reached that conclusion based on the facts stipulated to by the parties satisfying the elements of § 523(a)(4) and not the waiver of dischargeability.

*Levinson's* dicta that pre-petition waivers of discharge are fundamentally void and offend the public policy of promoting a fresh start for individuals has been widely adopted. *See e.g., Hayhoe v. Cole*, 226 B.R. 647, 651 (9th Cir. BAP 1998) (holding a stipulated judgment where a chapter 7 debtor agreed that the debt would be non-dischargeable under § 523(a)(2) was an impermissible attempt to waive bankruptcy discharge); *In re Birenbaum*, No. 05–20640, 2006 WL 1997478, *3 (Bankr. W.D.Pa.2006) (holding that a debtor cannot contract away the right to have his or her debts discharged under § 523(a)(4) in advance of a bankruptcy filing); *Giaimo v. Detrano*, 222 B.R. 685 (Bankr.E.D.N.Y. 1998)("[a]s a matter of superceding federal bankruptcy policy ... a pre-petition waiver of a discharge of a particular debt or of all debts is against public policy and unenforceable." (citing *Klingman v. Levinson*, 831 F.2d 1292)), *vacated on other grounds*, 266 B.R. 282 (E.D.N.Y.2001).

The court concurs with *Levinson* and its progeny that a pre-petition waiver

**780**

of dischargeability of a debt is against public policy. As a result, it finds the Debtor's pre-petition waiver of dischargeability in the Consent Judgment unenforceable.[6] As indicated *supra*, Plaintiff's entire case is based on the theory of *res judicata*. Plaintiff removed any opportunity for the court to examine the facts surrounding Debtor's actions with respect to the Plaintiff by pleading its case simply as a matter of law. Plaintiff did not plead a cause of action based upon facts establishing fraud, embezzlement, or larceny under § 523(a)(4). Hence, the court's hands are tied, and it cannot address the real issue: whether Debtor's underlying debt to the Plaintiff should be excepted from discharge as one for fraud, embezzlement, or larceny. Because Plaintiff's Complaint, premised exclusively on the supposed *res judicata* effect of the Consent Judgment, has no basis in law, it must be dismissed.

## CONCLUSION

Based upon the foregoing, Plaintiff's motion is denied, and the Complaint is dismissed.

It is so ORDERED.

---

6. Further, the court is extremely uncomfortable with the fact that only the Debtor's state court attorney signed the Consent Judgment. In effect, the Debtor's state court attorney waived the Debtor's right to discharge the debt in a future bankruptcy.