Judy TRUITT, Plaintiff–Appellant,

v.

COUNTY OF WAYNE; Detroit–Wayne
County Mental Health Board, jointly
and severally, Defendants–Appellees.

No. 97–1545.

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted June 12, 1998.

Decided July 24, 1998.

Michael E. Freifeld (briefed), Dwight Teachworth (briefed), Law Offices of Dwight Teachworth, Bingham Farms, MI, for Plaintiff–Appellant.

Lambro Niforos (argued and briefed), Wayne County Corporation Counsel, Detroit, MI, for Defendants–Appellees.

Before: KRUPANSKY, SILER, and COLE, Circuit Judges.

COLE, Circuit Judge.

Plaintiff Judy Truitt appeals from the district court's order dismissing her claims brought pursuant to Title VII, 42 U.S.C. §§ 2000e *et seq.*, against the County of Wayne, Michigan ("the County") and the Detroit–Wayne County Mental Health Board ("the Board").[1] The district court concluded that it lacked subject matter jurisdiction over Truitt's claims because Truitt did not timely file her complaint in the district court as required by 42 U.S.C. § 2000e–5(f)(1).[2] Although Truitt presented her complaint to the district court within the requisite ninety-day time frame, Truitt failed to pay the filing fee within ninety days. For the reasons that follow, we conclude that the district court had subject matter jurisdiction over Truitt's claims; however, we **AFFIRM** the district court's dismissal of those claims.

### I.

Truitt began working for the County in 1979. Over a period of years, the County assigned Truitt to work at various departments and agencies, including the Board. Truitt, a Caucasian woman, alleges that her African–American supervisors at the Board discriminated against her, resulting in her termination in 1993. The Board reinstated Truitt in 1994 following an arbitration proceeding.

Thereafter, Truitt filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC found that Truitt failed to establish a Title VII claim and issued Truitt a "right-to-sue" letter on May 17, 1996. The letter advised Truitt that if she wished to pursue her claim, she must file suit within ninety days of receipt of the letter. Truitt acknowledges that she received the letter on May 20, 1996.

On June 12, 1996, Truitt submitted a pro se complaint to the district court, along with an application to proceed in forma pauperis (IFP). The clerk stamped the complaint "received" and filed the IFP application. In an order filed June 24, 1996, the district court denied Truitt's IFP application, noting that Truitt earned a weekly salary of $415 and

---

1. The district court determined that the County was the only proper defendant in this action, as the Board is a County agency.

2. Title 42 U.S.C. § 2000e–5(f)(1) provides in part that "if the Commission has not filed a civil action under this section ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge...."

had $12,000 in a savings account. The district court issued a notice of its denial of Truitt's application on July 8, 1996. Pursuant to Fed.R.Civ.P. 6(e), Truitt presumptively received the notice on July 11, 1996.

Truitt obtained legal counsel and finally paid the filing fee on November 8, 1996; the district court then filed her complaint. On November 15, 1996, Truitt filed a first amended complaint alleging various claims pursuant to Title VII and Michigan's Elliott–Larsen Civil Rights Act. In response, the County moved to dismiss Truitt's complaint pursuant to Fed.R.Civ.P. 12(b), arguing that the district court lacked subject matter jurisdiction, the district court lacked personal jurisdiction, the applicable statute of limitations barred Truitt's state law claims and Truitt failed to state a claim against the defendants. On March 19, 1997, the district court heard oral argument on the County's motion to dismiss Truitt's complaint.

On April 4, 1997, the district court granted the County's motion, determining that it lacked subject matter jurisdiction over Truitt's claims because she failed to pay the filing fee within ninety days; accordingly, Truitt did not file her complaint within ninety days of receipt of a right-to-sue letter as required by 42 U.S.C. § 2000e–5(f)(1).[3] In so finding, the district court rejected Truitt's arguments that she constructively filed the complaint on June 12, 1996 or, in the alternative, that the district court erred by refusing to equitably toll the time that had lapsed until she paid the filing fee. This timely appeal followed.

## II.

■ At the outset, we must determine whether Truitt's alleged failure to file her claim in the district court within ninety days of receipt of a right-to-sue letter deprived the district court of subject matter jurisdiction. We think not. It is well established that "filing a timely charge of discrimination with

the EEOC is **not** a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (emphasis added). Although *Zipes* dealt only with the time limit for filing charges of discrimination with the EEOC, *see* 42 U.S.C. § 2000e–5(e), its logic has been extended to the ninety-day time limit for filing suit in the district court after receipt of a right-to-sue letter, *see* 42 U.S.C. § 2000e–5(f)(1). *See, e.g., Williams–Guice v. Board of Educ.*, 45 F.3d 161, 165 (7th Cir.1995); *Jarrett v. U.S. Sprint Communications Co.*, 22 F.3d 256, 259–60 (10th Cir.1994); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir.1989); *Mosel v. Hills Dep't Store*, 789 F.2d 251, 253 (3d Cir.1986); *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1250 (5th Cir.1985); *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir.1984); *Fouche v. Jekyll Island–State Park Authority*, 713 F.2d 1518, 1525 (11th Cir.1983); *Rice v. New England College*, 676 F.2d 9, 10 (1st Cir.1982); *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 360 (D.C.Cir.1982).

Moreover, along the same lines, this court has recently held that a right-to-sue letter is **not** a jurisdictional requirement for bringing a Title VII action. *See Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir.1998) (stating that "the *Zipes* Court's reasoning ... is equally applicable to all of the requirements listed in section 2000e–5(f)(1)"); *see also Ruiz v. Shelby County Sheriff's Dep't*, 725 F.2d 388, 391 (6th Cir. 1984) (holding that an alleged failure to comply with the ninety-day filing period under 42 U.S.C. § 2000e–5(f)(1) is an affirmative defense).

■ Accordingly, we hold that the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) is **not** a jurisdictional requirement but, instead, is a timing requirement similar to a

---

**3.** The district court determined that Truitt paid the filing fee on November 8, 1996, 175 days after she received a right-to-sue letter on May 20, 1996, and that 29 days passed from the filing of her IFP application, June 12, 1996, until she received presumptive notice of its denial on July 11, 1996. The district court concluded that, tolling the 29 days that passed during the pendency of her IFP application, Truitt "filed" her complaint 146 days after receipt of a right-to-sue letter.

statute of limitations, subject to waiver, estoppel and equitable tolling. The district court therefore did not lack subject matter jurisdiction over Truitt's claims.

### III.

Our inquiry does not end here, however. In its motion to dismiss Truitt's claims, the County also relied upon Fed.R.Civ.P. 12(b)(6). As it does not make any difference to the outcome of this case, we shall construe the district court's dismissal of Truitt's claims under Rule 12(b)(1) for lack of subject matter jurisdiction as a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.[4] *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir.1996), *amended on denial of reh'g*, 1998 WL 117980 (6th Cir. Jan.15, 1998). We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6). *See id.* (citation omitted). We cannot affirm the district court's dismissal of the case "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### IV.

■ The issue we are faced with, then, is whether the district court properly dismissed Truitt's claims because she failed to pay the filing fee within the allotted time frame for filing civil actions in Title VII cases. Truitt argues that the delivery of her complaint to the district court constituted constructive filing of the complaint, regardless of when she paid the filing fee. We disagree.

Title VII requires that a party file a civil action within ninety days of receiving a right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1). An individual commences a civil action by filing a complaint with the clerk of court, *see* Fed.R.Civ.P. 3, 5(e), and a filing fee is required of a party instituting any civil action, *see* 28 U.S.C. § 1914(a). Everyone, "[e]ven uncounseled litigants must act within the time provided by statutes and rules." *Williams–Guice*, 45 F.3d at 164.

Truitt argues that this court's decision in *Dean v. Veterans Admin. Reg'l Office*, 943 F.2d 667 (6th Cir.1991), *vacated and remanded on other grounds*, 503 U.S. 902, 112 S.Ct. 1255, 117 L.Ed.2d 486 (1992), requires us to hold that Truitt's original submission of her complaint to the clerk's office constituted filing, or at least constructive filing, of the complaint. In *Dean*, we held that "a complaint is filed when it along with an application to proceed in forma pauperis are presented to the clerk's office and the clerk's office takes possession of the complaint **and the application is granted**, notwithstanding the fact that the complaint is not formally stamped filed." 943 F.2d at 671 (emphasis added).

As the district court noted, however, the situation in *Dean* is distinguishable from the situation in the present case, because in *Dean* the district court granted the plaintiff's IFP application. Thus, *Dean* does not provide an answer to the question we are facing: What happens when the district court denies the IFP application and the plaintiff does not promptly pay the filing fee?

The Seventh and Tenth Circuits have addressed this particular question in *Williams–Guice*, 45 F.3d at 161, and *Jarrett*, 22 F.3d at 256, respectively. Both circuits recognized that the ninety-day time period is tolled during the pendency of an IFP application, such that the fiction of "constructive filing" is applicable in that situation. *See Williams–Guice*, 45 F.3d at 162; *Jarrett*, 22 F.3d at 259. However, both circuits also recognized

---

4. As we have stated:

Normally, Rule 12(b)(6) judgments are dismissals on the merits and Rule 12(b)(1) dismissals are not. This is because a dismissal by a court on the basis of lack of subject matter jurisdiction does not necessarily mean another court does not have jurisdiction. Furthermore, if a court does not have jurisdiction, ipso facto, it cannot address the merits of a case.

Where a statutory right is being pursued, however, and the defense raised is that the plaintiff or defendant does not come within the purview of the statute, the judicial acceptance of this defense, however it is accomplished, is the death knell of the litigation and has the same effect as a dismissal on the merits.

*Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 917 (6th Cir.1986) (citation and footnote omitted).

that "the fiction of 'constructive filing' only exists until the IFP motion is ruled upon." *Jarrett*, 22 F.3d at 259; *see also Williams–Guice*, 45 F.3d at 165. *But see Rodgers on Behalf of Jones v. Bowen*, 790 F.2d 1550, (11th Cir.1986) (holding that a complaint is filed when it is in possession of the clerk, regardless of when the filing fee is paid). Judge Easterbrook, writing for the Seventh Circuit, explained why a would-be plaintiff "must act with dispatch" to pay the filing fee upon denial of an application for IFP status:

> Such an understanding protects both parties. The plaintiff remains entitled to litigate even if the district judge concludes that he is not entitled to proceed IFP. The defendant gets timely notice—for the plaintiff must pay the docket fee within the remainder of the period of limitations, and once the fee had been paid [the clock starts] for service under Rule 4(m).

*Williams–Guice*, 45 F.3d at 165.

■ We agree with the reasoning of the Seventh and the Tenth Circuits and therefore hold that it is proper for a district court to deem a complaint "filed" only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court. An application for IFP status should not permit a litigant an indefinite suspension of time in which to file a complaint; such a result would thwart congressional intent for a shorter limitations period in Title VII cases in which damages such as backpay may be mounting. *See Williams–Guice*, 45 F.3d at 162. Accordingly, because Truitt failed to pay the filing fee within ninety days of receipt of a right-to-sue letter, Truitt failed to file her complaint within the time allowed by 42 U.S.C. § 2000e–5(f)(1).

## V.

■ We now turn to the issue of equitable tolling. The ninety-day time limitation in Title VII cases is not jurisdictional; therefore, equitable tolling is available. *See, e.g., Jarrett*, 22 F.3d at 259–60. As we have stated, the ninety-day period should be tolled during the pendency of a plaintiff's IFP application. *See, e.g., id.* Truitt argues that the district court erred by failing to toll the additional time that lapsed until she paid her filing fee on November 8, 1996.

■ We review a district court's decision regarding equitable tolling for an abuse of discretion. *See Equal Employment Opportunity Comm'n v. Kentucky State Police Dep't*, 80 F.3d 1086, 1094 (6th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 385, 136 L.Ed.2d 302 (1996). We have identified five factors to consider when determining the appropriateness of equitably tolling a statute of limitations: 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness is remaining ignorant of the particular legal requirement. *See Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir.1988). The propriety of equitable tolling must necessarily be determined on a case-by-case basis. *See Jarrett*, 22 F.3d at 260 (citation omitted).

■ The facts of this case do not indicate that the district court abused its discretion by refusing to toll the additional time. By our calculation, if we allow 29 days of equitable tolling during the pendency of her IFP application, Truitt did not pay her filing fee until 143 days after receipt of a right-to-sue letter. Put differently, Truitt allowed 120 days to pass before she paid her filing fee, after notification that the district court denied her IFP application. Truitt received actual notice from the EEOC that she had ninety days in which to file a lawsuit. In addition, Truitt demonstrated her knowledge that a filing fee is required to file a civil action by applying for IFP status; moreover, following denial of her IFP application, the district court gave Truitt actual notice that she must pay a filing fee in order to proceed with her lawsuit. The district court concluded that Truitt acted unreasonably by waiting four months to pay the filing fee after denial of IFP status. Although we note that there may be circumstances in which equitable tolling is appropriate after denial of a plaintiff's application for IFP status, there are no such circumstances present in this case. Accordingly, the district court did not abuse its discretion in refusing to toll the time that

lapsed until Truitt paid the filing fee, thereby filing her complaint.

## VI.

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Truitt's Title VII claims.