**Constance E. HADDAD,
Plaintiff–Appellant,**

v.

**MICHIGAN NATIONAL CORPORA-TION; Michigan National Bank,
Defendants–Appellees.**

**No. 01–2422.**

United States Court of Appeals,
Sixth Circuit.

May 7, 2002.

Before SUHRHEINRICH and GILMAN, Circuit Judges; and HOOD, District Judge.*

*ORDER*

Constance E. Haddad, a Michigan resident proceeding pro se, appeals the district court order dismissing her employ-ment action. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Haddad sued her former employer, Michigan National Bank (the Bank). (She also named Michigan National Corporation as a defendant, but the parties and the district court thereafter referred to the Bank as the only defendant.) The Bank employed Haddad from 1972 to 1989. Haddad alleged that the Bank discriminated against her on the basis of her gender, wrongfully discharged her, and committed intentional and negligent torts against her. The Bank moved for summary judgment on the basis of res judicata and collateral estoppel. The district court granted the Bank's motion. The district court also denied Haddad's motion for reconsideration.

In her timely appeal, Haddad argues that: (1) the previous dismissals were not on the merits; (2) each of her claims were filed within the statute of limitations; and (3) her fundamental constitutional rights are being violated by her inability to obtain any form of assistance from the court system.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Upon review, we conclude that the district court properly granted summary judgment to the Bank. Haddad resigned from her employment with the Bank in January 1989. She sued the Bank in state court several times in the 1990s, and filed her first federal complaint against the Bank in March 1998. The district court dismissed that complaint under 28 U.S.C. § 1915(e)(2). Haddad filed a second federal complaint against the same defendants in August 1998. The court dismissed the case in January 1999, concluding that all of Haddad's federal claims were barred by claim preclusion. This court affirmed the district court's decisions in a consolidated appeal. *Haddad v. Michigan Nat'l Corp.*, Nos. 99–1094/1497, 1999 WL 1045085, at *2 (6th Cir. Nov.10, 1999).

The district court properly concluded that Haddad's claims were barred by claim preclusion. *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir.1999). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated and as to every theory of recovery that could have been presented. *Wilkins*, 183 F.3d at 532. Haddad's action satisfies all of the elements of claim preclusion: (1) her previous action resulted in a final decision on the merits; (2) this action is between the same parties; (3) the issues in this action could have been raised in the prior action; and (4) the causes of action are identical. *See id.* Accordingly, the Bank was entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

Haddad's arguments on appeal are without merit. She first maintains that the previous dismissals were not on the merits. Unless otherwise specified, a judgment of dismissal operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b). A dismissal with prejudice is considered a final judgment on the merits for purposes of res judicata. *See, e.g., Matter of W. Tex. Mktg. Corp.*, 12 F.3d 497, 501 (5th Cir. 1994). The record indicates that Haddad's previous actions were dismissed with prejudice, and Haddad offers nothing more than her own opinion to conclude otherwise. Therefore, the district court properly relied on the prior dismissals to dismiss Haddad's most recent lawsuit.

Haddad also contends that each of her claims was filed within the statute of limitations. The events giving rise to Haddad's discrimination charges occurred at the latest in 1989, when she resigned from the Bank: Thus, the statute of limitations expired long before she filed her federal lawsuits in 1998 and 2001. *See* 42 U.S.C. § 2000e–5(e), (f)(1); *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir.1998).

Finally, Haddad argues that her fundamental constitutional rights are being violated by her inability to obtain any form of assistance from the court system. Haddad has continued to file untimely, redundant complaints against her former employer. Her lack of success in the court system is not due to any violation of her rights but to the complete lack of merit of her claims.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.