**Ronnie Elliott FLOYD, Plaintiff–Appellant,**

Ronita Floyd; Ella S. Floyd, Plaintiffs,

v.

**TENNESSEE OFFICE OF CRIMINAL JUSTICE PROGRAMS FINANCE AND ADMINISTRATION; Rutherford County Sheriff's Department; Murfreesboro Police Department; Rutherford Youth Service; BFI, Inc. of Tennessee; Stone River Center; Bank of America, Defendants–Appellees.**

No. 02–5830.

United States Court of Appeals, Sixth Circuit.

Feb. 3, 2003.

Before DAUGHTREY and COLE, Circuit Judges; and SARGUS, District Judge.*

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

## ORDER

Ronnie Elliott Floyd appeals a district court judgment that dismissed an employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ronnie, Ronita, and Ella Floyd filed a pro se complaint in the district court. The complaint was referred to the magistrate judge, who ordered plaintiffs to submit a copy of a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). After plaintiffs complied with the order, the magistrate judge recommended that the complaint be dismissed as untimely because it was not filed within 90 days of receipt of the letter. Plaintiffs filed objections, and the district court adopted the magistrate judge's recommendation and dismissed the complaint. Ronnie Elliot Floyd filed a timely notice of appeal.

Upon de novo review, *see McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997), we will affirm the judgment essentially for the reasons stated in the magistrate judge's report and recommendation entered April 23, 2002, and accepted by the district court in its order entered May 16, 2002. A plaintiff must bring a Title VII employment discrimination action "within ninety days after the giving of" the EEOC's right to sue notice. 42 U.S.C. § 2000e–5(f)(1). The 90–day period generally begins running when the plaintiff receives the written notice. *Truitt v. County of Wayne,* 148 F.3d 644, 647 (6th Cir. 1998); *Peete v. Am. Standard Graphic,*

885 F.2d 331, 331–32 (6th Cir.1989). The actual receipt of a right-to-sue letter by the charging party is not required to start the 90–day limitations period. *See Banks v. Rockwell Int'l N. Am. Aircraft Operations,* 855 F.2d 324, 326 (6th Cir.1988); *Hunter v. Stephenson Roofing, Inc.,* 790 F.2d 472, 474–75 (6th Cir.1986). "[T]he ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1) is not a jurisdictional requirement but, instead, is a timing requirement similar to a statute of limitations, subject to waiver, estoppel and equitable tolling." *Truitt,* 148 F.3d at 646–47. Equitable tolling, or waiver is available only in compelling cases which justify a departure from established procedures. *Puckett v. Tenn. Eastman Co.,* 889 F.2d 1481, 1488 (6th Cir.1989).

Here, plaintiffs did not file their complaint in time. The right-to-sue letter submitted by plaintiffs is dated August 18, 2000. Even assuming, as the magistrate judge did, that the letter was not received until August 26, 2000, the period for filing a Title VII complaint expired November 24, 2000. However, the complaint was not filed in the district court until January 8, 2001, and is time-barred. Further, no equitable tolling appears to be applicable in his case. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.