**In re Kenneth E. RUTHERFORD, Debtor.**

**No. 09–50852.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division, at Columbus.

March 31, 2010.

Katharine R. Granger, Upper Arlington, OH, for Debtor.

## MEMORANDUM OPINION AND OR-DER ON MOTION TO RECONSID-ER AND REOPEN CASE

JOHN E. HOFFMAN, Jr., Bankruptcy Judge.

This contested matter arises from a motion ("Motion") (Doc. 25) filed by Rick Wells ("Wells") to reopen the closed Chapter 7 case of Kenneth E. Rutherford ("Debtor") so that a complaint electronically filed on Wells's behalf in the Debtor's bankruptcy case without a filing fee may be re-docketed as a separate adversary proceeding. For the reasons set forth below, the Court will exercise its discretion to reopen the Debtor's bankruptcy case, re-docket the complaint in a separate adversary proceeding and provide Wells five days from the entry of this memorandum opinion and order to pay the filing fee. In addition, to ensure that Wells's attorney, Braden Blumenstiel ("Blumenstiel"), becomes fully familiar with the Southern District of Ohio Administrative Procedures for Electronic Case Filing ("ECF Procedures"), the Court hereby orders Blumenstiel to: (i) attend the next regularly-scheduled Electronic Case Filing ("ECF") instructional course; and (ii) electronically file, promptly upon completion of the course, a certification advising the Court that he has done so.

### I. Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district. This is a core proceeding. 28 U.S.C. § 157(b)(2).

### II. Factual and Procedural Background

On January 30, 2009, the Debtor filed a voluntary Chapter 7 petition. On his Schedule F (Creditors Holding Unsecured Nonpriority Claims), he listed "Rick Wells, c/o Braden Blumenstiel, Esq., 261 W Johnstown Rd, Columbus, OH 43230," identifying the consideration for the claim as "Complaint" and the amount as "Unknown." According to the answer to Question 4 on the Debtor's Statement of Financial Affairs, Wells had commenced a still-pending lawsuit against the Debtor in the Franklin County Court of Common Pleas ("State Court Action"). In the State Court Action, Wells alleges that the Debtor committed assault and battery, causing injury to him and depriving his children of parental consortium. No judgment has been entered in the State Court Action.

On February 2, 2009, a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("Notice") (Doc. 8) was served on, among others, Rick Wells, c/o Braden Blumenstiel. Blumenstiel concedes that he received the Notice on February 6, 2009. *See* Motion at 3. The Notice states on the front: **"Deadlines:** Papers must be *received* by the bankruptcy clerk's office by the following deadlines: **Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 5/11/09."** [1] On the reverse side, the Notice states in part as follows:

Discharge of Debts. The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect

---

1. This deadline was set pursuant to Rule 4007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)"), under which complaints objecting to the dischargeability of debts under 11 U.S.C. § 523(a)(2),

(4) and (6) "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c).

the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2), (4), or (6), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. **The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline.**

Notice at 2 (emphasis added).

On May 7, 2009—four days prior to the deadline for filing a complaint objecting to the dischargeability of the Debtor's debts under § 523(a)(2), (4) or (6)—Blumenstiel filed a complaint on behalf of Wells ("Complaint") (Doc. 16) seeking a declaration that the Debtor's alleged debts to Wells and his children are nondischargeable under § 523(a)(6). The Court's ECF system provided electronic notice of the filing of the Complaint to, among others, Blumenstiel and the attorney for the Debtor, stating that the Complaint was "received from Braden Blumenstiel entered on 5/7/2009 at 2:11 PM EDT and filed on 5/7/2009." In addition, the electronic time-stamp on the Complaint reflects that it was "Filed 05/07/09." Blumenstiel, however, improperly filed the Complaint as a "Third–Party Complaint" and neither paid the required filing fee nor commenced a separate adversary proceeding. Accordingly, on May 11, 2009, the following notice of deficiency was entered on the docket of the Debtor's case:

> To: Braden Blumenstiel—Notification of Deficiency: The PDF Document Appears to be Filed in an Incorrect Case. Please Withdraw the Document and Re–File in the Correct Case or File an Amended Document. (RE: related document(s) 16 Third–Party Complaint) (2bl) (Entered: 05/11/2009)

Blumenstiel was not sent the notification of deficiency because his name was not entered into the case for purposes of receiving electronic notices; he incorrectly filed the Complaint as a "Third–Party Complaint" in the main case and failed to check the box indicating that he represented Wells when he filed the Complaint. Had he properly filed the Complaint in a separate adversary proceeding, he would have automatically been associated as counsel for Wells.

On June 9, 2009, the Debtor received his discharge (Doc. 20). The document entitled "Discharge of Debtor" entered in the Debtor's case provided that "[s]ome of the common types of debts which are *not* discharged in a chapter 7 bankruptcy case are ... [d]ebts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged[.]" On June 24, 2009, the Debtor's bankruptcy case was closed. Blumenstiel then filed a motion on behalf of Wells (Doc. 22) entitled "Motion for Leave to Transfer Adversary Proceeding Complaint for Assignment of its Own Case Number." Blumenstiel, though, was sent the following notification: [2]

> To: Branden[sic] Blumenstiel–Notification of Deficiency: Pleading Filed in a Closed Case. Case Must be Reopened. NO Further Action will be Taken by the Court. (RE: related document(s) 22 Motion to Transfer Case filed by Creditor Rick Wells) (2bl) (Entered: 07/09/2009)

The Court thereafter entered an order (Doc. 23) denying the motion to transfer based on multiple deficiencies, including, in

---

**2.** Blumenstiel received this notification because he checked the proper box adding himself to the case when he filed the motion to transfer.

659

addition to the motion having been filed in a closed case without the filing of a motion to reopen, the following: lack of the required 20–day notice,[3] failure to serve the Debtor, failure to pay the filing fee for the Complaint, failure to serve the Complaint on the Debtor in paper form, incorrectly docketing the Complaint as a "Third–Party Complaint" and violating, in several respects, the Local Bankruptcy Rules governing certificates of service.

After receiving the order denying the motion to transfer, Blumenstiel filed the Motion and paid the required filing fee to reopen a closed case. The Debtor filed a response objecting to the Motion (Doc. 26) and Wells filed a reply (Doc. 31). Following a hearing on the Motion, the Court requested supplemental briefing (Docs. 32–34) regarding the effect of the Sixth Circuit's decision in *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir.1998) on the filing-fee issue. In his papers, Wells contends that the Complaint was timely-filed even though it was submitted in the Debtor's main bankruptcy case without the required filing fee. The Debtor objects on the grounds that the Complaint was not commenced as a separate adversary proceeding and was not timely-filed under *Truitt* in light of the failure to pay the filing fee.

### III. Legal Analysis

#### A. Law Governing Motions to Reopen

 Under Bankruptcy Rule 5010, "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Under § 350(b) of the Bankruptcy Code, "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The Court's discretion to reopen a closed bankruptcy case for "other cause" is broad:

> A decision to reopen a case for other cause lies within the discretion of the bankruptcy court and will be reversed only for an abuse of that discretion. In exercising its discretion to reopen a case, the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice. The trend in reopening cases under section 350(b) has thus been to allow the bankruptcy judge broad discretion to weigh the equitable factors in each case.

*In re Shondel*, 950 F.2d 1301, 1304 (7th Cir.1991) (citations and internal quotation marks omitted). A court properly exercises its discretion to reopen a bankruptcy case when it does so in order to permit a dispute to be decided "on the substantive merits rather than technical defects." *Batstone v. Emmerling (In re Emmerling)*, 223 B.R. 860, 866 (2d Cir. BAP 1997).[4]

#### B. The Court Deems the Complaint Timely–Filed

 "[A] proceeding to determine the dischargeability of a debt" is an adversary proceeding. Fed. R. Bankr.P. 7001(6). An adversary proceeding "is commenced

---

3. On December 1, 2009, the 20–day notice period for most motions was increased to 21 days, *see* LBR 9013–1(a), while the notice period for certain motions, including motions to reopen cases under § 350, was eliminated. *See* General Order No. 12 of the United States Bankruptcy Court for the Southern District of Ohio Regarding Motions/Applications Not Requiring a 21 Day Notice.

4. Wells vigorously contends that his claim against the Debtor is non-dischargeable. The Court notes that, by issuing this memorandum opinion and order, it takes no stance on the merits of the State Court Action or the Complaint.

by filing a complaint with the court." Fed. R.Civ.P. 3 (made applicable by Fed. R. Bankr.P. 7003). With limited exceptions not applicable here, a complaint must be accompanied by a filing fee. This requirement derives from 28 U.S.C. § 1930(b), the provision of the Judicial Code under which Congress authorized the Judicial Conference of the United States ("Judicial Conference") to prescribe fees to be paid in bankruptcy cases. Under this authority, the Judicial Conference has promulgated a schedule entitled "Bankruptcy Court Miscellaneous Fee Schedule" ("Schedule"). The Schedule imposes, among other fees, a fee of $250 for filing a complaint. Under controlling Sixth Circuit law, the Court could have deemed the Complaint unfiled and dismissed it based on the failure to pay the required filing fee:

> The issue we are faced with, then, is whether the district court properly dismissed Truitt's claims because she failed to pay the filing fee within the allotted time frame for filing civil actions in Title VII cases. Truitt argues that the delivery of her complaint to the district court constituted constructive filing of the complaint, regardless of when she paid the filing fee. We disagree.

Title VII requires that a party file a civil action within ninety days of receiving a right-to-sue letter. An individual commences a civil action by filing a complaint with the clerk of court, *see* Fed. R.Civ.P. 3, 5(e), and a filing fee is required of a party instituting any civil action, *see* 28 U.S.C. § 1914(a).[5] Everyone, [e]ven uncounseled litigants must act within the time provided by statutes and rules.

*Truitt*, 148 F.3d at 647 (citation and internal quotation marks omitted).[6] In *Truitt*, the clerk of the district court stamped a complaint "received" when it was submitted and did not actually file the complaint until the plaintiff paid the filing fee. *Id.* at 645–46. Because the filing fee was paid after the statute of limitations had expired, the district court dismissed the complaint. The Sixth Circuit held that "it is proper for a district court to deem a complaint 'filed' only when … the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." *Id.* at 648. *See also Kellum v. Comm'r of Soc. Sec.*, 295 Fed.Appx. 47, 49 (6th Cir.2008) (unpublished).

Wells attempts to distinguish *Truitt* based on its status as a Title VII case.

---

**5.** 28 U.S.C. § 1914 applies to civil actions commenced in district courts and is the analog of 28 U.S.C. § 1930, which applies only to bankruptcy fees.

**6.** *New Boston Dev. Co. v. Toler (In re Toler)*, 999 F.2d 140 (6th Cir.1993) is not to the contrary. In *Toler*, the Sixth Circuit relied on Rule 5 of the Federal Rules of Civil Procedure, (which at the time provided that "[t]he clerk shall not refuse to accept for filing any paper presented for that purpose solely because it is not presented in proper form as required by these rules or any local rules or practices," *id.* at 141–42) in holding that "filing takes place when the documents are tendered to the court clerk, *local rules notwithstanding.*" *Id.* at 142 (emphasis added). As *Truitt* noted, however, the filing-fee requirement derives from the Judicial Code, an act of

Congress. *See Truitt*, 148 F.3d at 647 (applying 28 U.S.C. § 1914(a)). In addition, under Bankruptcy Rule 7005 (made applicable by Civil Rule 5), the clerk of the Court must accept a filing despite its form, but the Court certainly may deem a complaint filed only when the filing fee is paid. " 'Bankruptcy Rule 7005 is not the savior of the careless practitioner. In many districts, the clerks simply submit to the judge a proposed order striking the defective pleading. If the court executes the order, the reasoning in *Toler* provides no solace.' " *Patterson Dental Supply, Inc. v. Hochhauser (In re Hochhauser)*, 2002 WL 1232933 at *2 n. 1 (Bankr. W.D.Tenn. June 5, 2002) (quoting Kathryn J. Derr and Angela K. Layden, *Procedural Defects Do Not Prevent Filing of Pleading*, 12 Am. Bankr.Inst. J. 29 (Feb.1994)).

But that is a distinction without a difference. The basis for the Sixth Circuit's decision in *Truitt* was that "[a]n individual commences a civil action by filing a complaint with the clerk of court ... and a filing fee is required of a party instituting any civil action[.]" *Truitt*, 148 F.3d at 647 (citation omitted). The requirements of a complaint and a filing fee apply as much to a dischargeability action commenced by a creditor in a bankruptcy case as they do to a Title VII action commenced in the district court. Wells also suggests that *Truitt* is distinguishable because back-pay was accruing in that case, making time of the essence in meeting the short deadline imposed by Congress for commencing Title VII actions. Yet Congress also has imposed an equally short deadline for bringing dischargeability actions under § 523(a)(6). And courts have applied *Truitt* outside the Title VII context. *See Joseph v. Warden, Lebanon Corr. Inst.*, 2009 WL 467581 at *3 (S.D.Ohio Feb.24, 2009); *Ford v. Evans Delivery*, 2006 WL 16302 at *2 (W.D. Tenn. Jan. 4, 2006). In sum, Wells has failed to distinguish *Truitt* in any meaningful way. Thus, under the Sixth Circuit's decision in *Truitt*, in light of the failure to pay the filing fee, the Court could have exercised its discretion to deem the Complaint unfiled as of the deadline for commencing dischargeability actions under § 523(a)(6) and dismissed the Complaint. Fortunately for Wells—and Blumenstiel—the Court, consistent with the ECF Procedures discussed below, did not do so. Rather, the Court designated the Complaint as "Filed" on May 7, 2009—which met the deadline—despite the failure to pay the filing fee; in *Truitt*, by contrast, the court did not actually file the complaint (which was submitted in paper form) until after the filing fee was paid, which occurred after the deadline. This is all that truly distinguishes *Truitt*.

"[T]he bankruptcy courts in this district have adopted procedures requiring the electronic filing of all documents (with limited exceptions not applicable here)." *In re Rose*, 422 B.R. 896, 898 (Bankr.S.D.Ohio 2010). *See* Former ECF Procedure 1(c) ("Effective July 1, 2004, all pending cases and all cases filed thereafter are assigned to ECF, and the Court will accept for filing only documents filed in compliance with these [ECF] Procedures....").[7]

Former ECF Procedure 2(h) stated:

**(h) Payments of Required Fees.** All required fees must be promptly paid and failure to complete prompt payment will result in being locked out of the ECF system. An email will be sent for the payments due and the *Internet Payments* option will become the only ECF item available. Upon completion of the payments due, the lockout will be automatically terminated and the ECF system will become available.

Former ECF Procedure 2(h). Former ECF Procedures 3(a) and 3(b) provided:

**(a) Filing and Entry on the Docket.** Once electronic transmission of a document to ECF, consistent with these rules, has been received by the Court, the document has been filed for all purposes required by the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court and is entered upon the docket kept by the clerk under Rule 5003.

**(b) Official Record.** When a document has been filed through ECF, the official record is the electronic recording of the

---

7. The ECF Procedures and Local Bankruptcy Rules in force at the time of Wells's submission and thus applicable in this case became effective January 1, 2006. Although amended procedures and local rules became effective on December 1, 2009, the Court notes that the relevant procedures and local rules were not amended in any way that would affect the outcome here.

document as stored by the Court, and the filing party is bound by the document as filed. Except in the case of documents first filed conventionally, a document filed through ECF is deemed filed at the date and time stated on the Notice of Electronic Filing from the Court.

Former ECF Procedures 3(a) & 3(b). Under these procedures, filing is complete once the electronic transmission is received by the Court; the procedures impose a consequence for the failure to pay the fee at the time of filing, and the consequence—"locking out" the filing attorney—does not include deeming the document to be unfiled.

Former Local Bankruptcy Rule 5005–1(a) stated:

**Filing with the Clerk.** Pleadings and other papers required to be filed shall be filed with the clerk pursuant to the Southern District of Ohio Administrative Procedures for Electronic Case Filing. The clerk may refuse to accept for filing any pleading or other paper not accompanied by the proper filing fee, unless otherwise provided by law.

Consistent with these local rules and procedures, the Court declines to deem the Complaint unfiled due to the failure to pay the filing fee. The result the Court reaches today is consistent with case law predating the electronic-filing age in which bankruptcy courts exercised their discretion to deem complaints filed as of the date they were submitted even if the filing fee was not paid at that time. *See, e.g., New York State Higher Educ. Servs. Corp. v. Gilstrap (In re Gilstrap)*, 29 B.R. 368, 370 (Bankr.S.D.N.Y.1983). Also, faced with an issue that arose only after the advent of electronic filing, courts have held that complaints are filed even if they were improperly submitted in the main bankruptcy case rather than in a separate adversary proceeding. *See, e.g., Greensward, Inc. v.*

*Cietek (In re Cietek)*, 390 B.R. 773, 777 (Bankr.N.D.N.Y.2008); *Hildreth v. Dunaway (In re Dunaway)*, 346 B.R. 449, 454 (Bankr.N.D.Ohio 2006); *First Fin. Bank, NA v. Forsythe (In re Forsythe)*, 2005 WL 4041162 at *3 (Bankr.S.D.Ohio May 24, 2005).

Finally, the Court notes that, in his affidavit attached to the Motion, Blumenstiel tries to make a case that the Court and its employees who interacted with him in connection with this matter are to blame for the problems he created. For example, Blumenstiel points out that he did not receive a notification of deficiency when he filed the Complaint in the Debtor's bankruptcy case without paying the required filing fee and without commencing a separate adversary proceeding. Blumenstiel's argument in this regard is unavailing for two reasons. First, as noted above, Blumenstiel did not receive the notification of deficiency because he did not take the steps required to ensure that he would receive the notification. Second, and more importantly, by issuing a notification of deficiency, the Clerk of this Court merely extends a courtesy to an attorney who has erred. Thus, Blumenstiel's reliance on the fact that he did not receive the notification does not absolve him of responsibility for the multiple errors he committed. *Cf. Hartford Accident & Indem. Co. v. Mulvaney (In re Mulvaney)*, 179 B.R. 806, 810 (Bankr.E.D.Va. 1995) ("The Court rejects counsel's attempt [to] take advantage of the courtesy of this Court's Clerk's office in dealing with attorneys practicing before the Court. Deputy Clerks are not required to telephone attorneys who do not submit the appropriate paperwork; this is a courtesy extended to the bar and the Court will not chide the Clerk's office for fostering amicable relations with the bar."). In addition to submitting a complaint in a bankruptcy case without the required filing fee, Blumenstiel's other errors include

failing to serve the Complaint and summons on the Debtor and Debtor's counsel in paper form as required by Local Bankruptcy Rule 7004–1(b) and docketing the Complaint as a "Third–Party Complaint" when it is no such thing. Blumenstiel also filed the motion to transfer in a closed case without filing a motion to reopen. In addition, he filed the motion to transfer without providing the required notice and without serving the Debtor; he also failed to comply with the Court's requirements regarding certificates of service. Given this series of missteps, Blumenstiel's contention that the Clerk's office bears some responsibility for his lapses certainly rings hollow. This case presents a cautionary tale of the perils that can arise when an attorney—facing an impending critical deadline—fails to take the time or effort necessary to become familiar with the procedural filing requirements imposed by the national and Local Bankruptcy Rules as well as the Court's ECF Procedures.

### IV. Conclusion

For the foregoing reasons, the Court will reopen the Debtor's case and re-docket the Complaint in a separate adversary proceeding. If, however, Wells does not pay the required filing fee in the adversary proceeding within five days from the entry of this memorandum opinion and order, the adversary proceeding shall, without further notice or hearing, be dismissed with prejudice for lack of prosecution, and the Debtor's case will be closed. In addition, Blumenstiel shall attend the next regularly-scheduled course offered on the ECF Procedures and electronically file, promptly upon completion of the course, a certification advising the Court that he has done so.

**IT IS SO ORDERED.**