NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0453n.06

No. 08-4058

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 26, 2010
LEONARD GREEN, Clerk

| | |
|---|---|
| HARRY SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ON PETITION FOR REVIEW OF A |
| | ) FINAL DECISION OF THE |
| | ) ADMINISTRATIVE REVIEW BOARD |
| HILDA SOLIS, Secretary of Labor, | ) OF THE U.S. DEPARTMENT OF |
| | ) LABOR |
| Respondent, | ) |
| | ) |
| CRST INTERNATIONAL, INC., LAKE | ) |
| CITY ENTERPRISES, INC., | ) |
| | ) |
| Intervenors. | ) |

Before: BATCHELDER, Chief Circuit Judge; DAUGHTREY, Circuit Judge; and VAN TATENHOVE,[*] District Judge.

**PER CURIAM.** The petition for review in this case concerns the timeliness of petitioner Harry Smith's request to the respondent Secretary of Labor for a hearing after a decision by the Occupational Safety and Health Administration (OSHSA) of the Department of Labor finding no merit to the complaint Smith had filed under the anti-retaliation provisions of the Surface Transportation and Assistance Act, 49 U.S.C. § 31105 (the Transportation Act). We conclude, under the particular circumstances of this case,

---

[*]Hon. Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

that despite the fact that the request was technically late, the doctrine of equitable tolling should have been applied to render Smith's request timely. We therefore grant review and remand the case to the Administrative Review Board for appropriate action.

## FACTUAL AND PROCEDURAL BACKGROUND

At the time the controversy arose, Smith was an over-the-road truck driver for Lake City Enterprises, Inc., "through an assignment or other arrangement with CRST International, Inc." Some two months after he was hired by Lake City, he complained to the company that a trailer he was hauling was in a structurally unsafe condition, telling the dispatcher "to get me another trailer or get yourself another driver." The trucking company opted to interpret Smith's ultimatum as a resignation and terminated his employment. Following his discharge, on November 15, 2005, Smith filed a single complaint with OSHA against both Lake City and CRST, invoking 49 U.S.C. § 31105 of the Transportation Act. That provision prohibits covered employers from discharging or otherwise discriminating against an employee in retaliation for the employee's engagement in certain protected activities. In this case, the protected activity allegedly consisted of Smith's refusal to drive unsafe equipment provided by Lake City and his subsequent notice to Lake City that he intended to report the company's use of unsafe equipment to the Department of Transportation.

Although Smith filed a single complaint, OSHA ran separate investigations of Lake City, headquartered in Columbia Station, Ohio, and CRST, headquartered in Atlanta,

Georgia. Smith received a finding of no merit as to his complaint against Lake City in a letter from OSHA's area director in Toledo, dated May 12, 2006, with a copy to his attorney, Richard Renner. OSHA informed Smith that he could contest the finding by filing an objection and request for a hearing within 30 days of his receipt of the notice. Renner filed an objection to the Lake City decision on behalf of his client and a request for a hearing against both Lake City and CRST on May 24, 2006, noting that he had not yet received a decision on the merits of the complaint against CRST and deemed the "failure to determine that case on a timely basis" as a "constructive denial" of his client's complaint.

As it turned out, however, OSHA's Atlanta director had mailed a notice to Smith dated March 21, 2006, informing him that his complaint against CRST had also been found non-meritorious because CRST and Lake City were not "joint" or "integrated" companies and, therefore, CRST could not be considered his employer for purposes of the Transportation Act. That letter also notified Smith that he had 30 days to appeal the ruling and, like the subsequent Lake City notice, indicated that a copy had been sent to Renner, Smith's lawyer. The record indicates that Smith received the notice by certified mail and signed for it on March 25, 2006, although he later said that he did not remember doing so. Meanwhile, Renner, who had been in contact with both the Toledo and Atlanta OSHA offices on Smith's behalf, did not receive a copy of the CRST notice until May 22, 2006, when he signed for a piece of certified mail that was post-marked May 17, 2006.

When on June 1, 2006, the department of Labor moved to dismiss the petitioner's request for a hearing on the complaint against CRST as untimely, Renner responded with a request for equitable tolling, citing similar cases in which the Administrative Review Board had permitted a late filing or had granted an extension of time. The administrative law judge who reviewed Smith's case nevertheless held that because Smith had been "properly notified" and because "[t]here [we]re no credible facts to support a finding that [Smith] was prevented from filing his written objections or requesting a formal hearing within thirty days of receiving notice," there was no basis upon which to hold "that the statutory limitations should be tolled."

## DISCUSSION

We disagree, and we find the ruling on equitable tolling impossibly narrow. But, whether we have jurisdiction to review an untimely request for a hearing is a question of first impression in this circuit. The Fifth Circuit has examined this issue, albeit in the context of the agency's failure to comply with the Transportation Act's time restrictions, and has rejected the proposition "that the regulatory time restrictions in [theTransportation Act] are jurisdictional, rather than directory in nature." *Roadway Express v. Dole*, 929 F.2d 1060, 1066 (5th Cir. 1991). Recognizing that the Supreme Court had expressed concern over the drawn-out nature of actions filed under the Transportation Act, the Fifth Circuit commented that Roadway Express, the party raising the untimeliness issue in the case before it, had not demonstrated any prejudice to it from the delay. *See id.* at 1067. Here,

- 4 -

CRST has conceded in its brief on appeal, and the Secretary conceded at oral argument, that CRST would not be prejudiced if Smith were granted tolling in this case. Moreover, the Secretary conceded at oral argument that the Act's time limitations are not jurisdictional and that equitable tolling is available in this case. We therefore turn to the question of whether equitable tolling should have been applied.

In their briefs, both parties and intervenor CRST cite *Irwin v. Department of Veterans Affairs*, 498 U.S. 89 (1990), as reflecting the governing principles underlying the availability of equitable tolling. There, the Supreme Court said that:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Id.* at 96. As we have noted, "[r]epeatedly throughout our judicial history, the Supreme Court has approved the application of equitable tolling to statutes of limitations to prevent unjust results in cases arising at law as well as at equity." *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1039-40 (6th Cir. 1984) (collecting cases).

In deciding whether equitable tolling is appropriate in a given case, we have pointed to five factors that may be useful: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining

ignorant of the notice requirement." *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988). But, we have also noted that the *Andrews* factors, while analytically helpful, are not comprehensive, and they are not all relevant in all cases. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Instead, "the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998).

The facts in the record in this case indicate clearly that both OSHA offices knew that Smith was represented by an attorney, and that the attorney had filed the original complaint on Smith's behalf. The OSHA offices also knew that the attorney had been in personal contact with the agency officials in both Toledo and Atlanta during the period from November 2005, when the complaint was filed with OSHA, to March 2006, when the CRST notice was sent to Smith but not to Renner. Because the letter Smith received on March 25 indicated that a copy had also been sent to his attorney, under the circumstances it was reasonable for Smith to assume that Renner would file any necessary response to that notice, as he did in response to the notice they both received concerning the complaint against Lake City. Renner did, in fact, promptly file an objection and request for a hearing in the CRST matter on May 24, 2006, two days after he finally received his copy of the notice and some 30 days after the deadline for filing with OSHA had passed. The reaction by the agency was to put all the blame for any negligence in the handling of the process on Smith. But, it appears to us that it falls even more heavily at the feet of OSHA, in failing

to send the notice to Renner for some two months after the fact, despite the indication to Smith to the contrary.

To hold that the doctrine of equitable tolling should be applied in this case is clearly in keeping with the principle underlying our opinion in *Andrews*, the cases upon which it relied and the opinions that it spawned: that a complainant should not be punished for missing a filing deadline when he is affirmatively misled in a manner that causes the delay. As we observed in *Jones*, equitable tolling is appropriate when "congressional purposes [are] effectuated by tolling the statute of limitations in given circumstances." 747 F.2d at 1040 (quoting *Burnett v. New York Central R.R. Co.*, 380 U.S. 424 (1965)).

The purpose of the Transportation Act's employee-protection provisions is "to encourage employee reporting of noncompliance with safety regulations governing commercial motor vehicles." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 258 (1987). When a statute permits a complainant's representation before an agency by counsel and counsel has informed the agency that he represents the complainant and has provided the agency with his contact information, the complainant may reasonably expect that counsel will at least be copied on the agency's communications to him. When the agency sends its findings directly to the complainant with a clear indication that his counsel has contemporaneously received those same findings, but does not actually notify counsel until after expiration of the statutory period for filing objections, the refusal to permit a late objection is unjust. This injustice threatens the purposes of the Act's employee-protection

provisions, and a grant of equitable tolling in Smith's case is consistent with effectuating

them.

## **CONCLUSION**

For the reasons set out above, we GRANT review of the Board's final order in this

matter and REMAND the case for further proceedings consistent with this opinion.