NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0396n.06

Case No. 24-2076

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| ZHONGXIAO MICHAEL CHEN, | ) | **FILED** |
|  | ) | Aug 13, 2025 |
| Plaintiff-Appellant, | ) | KELLY L. STEPHENS, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE |
|  | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE WESTERN |
| MICHIGAN STATE UNIVERSITY, | ) | DISTRICT OF MICHIGAN |
|  | ) |  |
| Defendant-Appellee. | ) | O P I N I O N |
|  | ) |  |

Before: COLE, GIBBONS, and BUSH, Circuit Judges.

COLE, Circuit Judge. After Michigan State University (MSU) terminated Zhongxiao Michael Chen's employment, Chen sued MSU for discriminating against him because of his race, national origin, and age. MSU moved to dismiss Chen's amended complaint for failure to state a claim. The district court granted MSU's motion, dismissing the complaint for untimely filing and, alternatively, for failure to plausibly plead his discrimination claims. Because Chen did not timely file his complaint before the mandatory statutory deadline, we affirm.

I.

In November 2021, MSU informed Chen that his position would be terminated in November 2022 because of a lack of funding. Chen alleges that MSU "appointed a younger Caucasian employee" with a bachelor's degree to perform Chen's equivalent position which previously required a Ph.D. (Am. Compl., R. 3, PageID 18.) At the time of his termination, Chen was two years from fully vesting his retirement.

Chen filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on September 14, 2022, and he received a right-to-sue letter on December 12, 2023. Chen brought two causes of action against MSU in a complaint filed on March 11, 2024. The first alleges race and national origin discrimination in violation of Title VII. The second alleges age discrimination in violation of the Age Discrimination in Employment Act (ADEA). He paid the filing fee the next day, March 12, 2024.

MSU moved to dismiss Chen's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted MSU's motion, concluding Chen did not timely file his complaint and, alternatively, failed to allege sufficient facts to support claims under Title VII and the ADEA.

Chen timely appealed.

## II.

We review the dismissal of a plaintiff's complaint for failure to state a claim under Rule 12(b)(6) de novo. *Truitt v. County of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998). At this stage, we construe the complaint in the light most favorable to Chen and accept all factual allegations as true. *See Fed.-Mogul U.S. Asbestos Pers. Inj. Tr. v. Cont'l Cas. Co.*, 666 F.3d 384, 387 (6th Cir. 2011).

The district court dismissed Chen's complaint for two alternative reasons: Chen did not timely file his complaint, and Chen did not allege sufficient facts to support claims under Title VII and the ADEA. Because we conclude that Chen did not timely file his complaint, we do not consider whether he alleged sufficient facts to support his claims.

III.

Chen argues the district court erred in dismissing his amended complaint for untimely filing. Under both Title VII and the ADEA, after receiving a right-to-sue letter from the EEOC, a plaintiff has ninety days to file a civil action. *See* 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e). A plaintiff "commences a civil action by filing a complaint with the clerk of court, *see* Fed. R. Civ. P. 3, 5(e), and a filing fee is required of a party instituting any civil action, *see* 28 U.S.C. § 1914(a)." *Truitt*, 148 F.3d at 647. A complaint is not filed until the plaintiff pays the filing fee. *See id.* at 647 ("[Plaintiff] argues that the delivery of her complaint to the district court constituted constructive filing of the complaint, regardless of when she paid the filing fee. We disagree."); *id.* at 648 ("[I]t is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court."). Generally, federal courts strictly apply the ninety-day statutory deadline.[1]

Chen timely submitted his complaint, but he did not pay the filing fee until the following day—after the ninety-day deadline had passed. Because a complaint is not filed until the filing fee is paid, and Chen paid his filing fee ninety-one days after receiving his right-to-sue letter, his complaint is untimely.

Attempting to salvage his claim, Chen argues that under Western District of Michigan Local Civil Rule 5.7(c), a case is commenced once the pleading is accepted by the filing system and a notice of electronic filings has issued. He therefore contends that because his filing was accepted by the electronic filing system before the statutory deadline, his complaint is timely. The

---

[1] As the district court noted, this harsh rule is softened by equitable tolling. Although Chen arguably gestures toward an equitable tolling argument on appeal, he did not raise the issue before the district court, nor does he meaningfully develop it on appeal. So, we consider the argument forfeited. *See Doe v. Mich. State Univ.*, 989 F.3d 418, 425 (6th Cir. 2021) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed [forfeited].")

local rule, however, does not alter our analysis. Local Civil Rule 5.7(c) explicitly requires payment of filing fees "at the time the initial pleading is electronically submitted." W.D. Mich. L. Civ. R. 5.7(c).

In any event, the ninety-day deadline is not a product of local rules but a federal statutory requirement. As Chen concedes, he paid the fee ninety-one days after receiving his right-to-sue letter. Thus, he failed to abide by the statutory deadline, and we cannot conclude the district court erred by dismissing his complaint.

IV.

For the reasons above, we affirm.