Amy BADEN–WINTERWOOD,
Plaintiff,

v.

**LIFE TIME FITNESS, Defendant.**

No. 2:06–CV–99.

United States District Court,
S.D. Ohio,
Eastern Division.

May 1, 2007.

Patrick J. Perotti, Dworken & Bernstein Co. LPA, Keith R. Kraus, Painesville, OH, for Plaintiff.

Daniel L. Clark, Jr., Columbus, OH, Douglas R. Christensen, Nicole Haaning, Zeb–Michael Curtin, Dorsey & Whitney LLP, Minneapolis, MN, for Defendant.

## OPINION & ORDER

FROST, District Judge.

This matter comes before the Court for consideration of a Motion For Equitable Tolling (Doc. # 44) filed by Plaintiff Amy Baden–Winterwood, a Memorandum in Opposition (Doc. # 46) filed by Defendant Life Time Fitness, and a reply. (Doc. # 49.) For the reasons that follow, this Court grants Plaintiff's motion (Doc. # 44) and denies Defendant's request for oral argument. (Doc. # 46.)

### I. Background

On February 8, 2006, Plaintiff Amy Baden–Winterwood filed this action, individually and as a representative of a collective action ("Plaintiffs"), against her employer, Defendant Life Time Fitness ("Defendant"), for unpaid wages and overtime pay under the Fair Labor Standards Act ("FLSA"). Immediately after filing the Complaint (Doc. # 1), Plaintiffs also filed a Motion for Conditional Class Certification and Notice. (Doc. # 3.)

In a February 15, 2006 telephone call, Plaintiffs suggested to Defendant's counsel that the statute of limitations should be tolled for all opt-in Plaintiffs from February 8, 2006. Defendant disagreed and informed Plaintiffs that, in its opinion, this case did not warrant equitable tolling.

On February 23, 2006, Defendant advised Plaintiffs, via email, that Defendant was prepared to stipulate to conditional class certification, as it "ha[d] no interest in needlessly delaying this matter from proceeding along." (Doc. # 46 at 3.) Defendants also suggested that the parties attempt to agree upon a mutually-acceptable notice. *Id.* The next day, February

24, Defendant forwarded its proposed notice and indicated that it would stipulate to that notice.

Moreover, on March 1, 2006, Defendant informed its employees at a meeting that "... in the not too distant future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." (Doc. # 46 at 16.) In the subsequent weeks, the parties tried to reach an agreed upon notice provision. Despite the parties' efforts, however, the parties were unable to agree.

As a result, on March 30, 2006, counsel for both parties contacted the Court for assistance in drafting the notice provision. The Court subsequently scheduled a conference call on April 12, 2006, during which the parties pledged to continue to work together to reach a resolution. The parties, however, did not reach an agreement. Thus, on April 28, 2006, the Court ordered each party to submit briefs regarding the outstanding notice issues, along with a copy of each party's most recent proposed notice. This Court filed its version of the notice to potential opt-in plaintiffs on August 2, 2006.

Following this Court's Order, Plaintiffs' counsel issued notice to the potential opt-in plaintiffs. With the exception of two plaintiffs, who filed their consent forms with this Court on October 31, 2006, 29 individuals filed their opt-in consent forms on October 16, 2006. Plaintiffs now request that this Court toll the statute of limitations from February 8, 2006 or alternatively from March 1, 2006. This matter is fully briefed and is ready for disposition.

## II. Discussion

Defendant contends that Plaintiffs have failed to met their burden of proving that equitable tolling is warranted in this case. Defendant alleges that Plaintiffs have not shown "extraordinary, inequitable" circumstances that justify this Court to invoke the doctrine of equitable tolling. More-

over, Defendant contends that equitable tolling is inappropriate for several reasons. Defendant argues that no extraordinary delay has occurred. Rather, Defendant asserts that the six months that elapsed from the time Plaintiffs filed their original motions to the time that this Court resolved the notice issue is an ordinary amount of time based on other reported FLSA collective actions. Also, Defendant claims that Plaintiffs have failed to allege that any potential opt-in plaintiff's delay in filing his or her consent form was directly attributable to Defendant's actions or were within the Defendant's control. Rather, Defendant asserts that any delay is attributable to Plaintiffs own action and/or the "realities of the judicial process." Finally, Defendant posits that Plaintiffs are seeking to read into the FLSA an unprecedented rule that every time a complaint and/or motion for notice is filed, limitations for all future plaintiffs would be tolled.

Conversely, Plaintiffs contend that they are not trying to create an "unprecedented rule" that would allow for tolling under all FLSA cases. Rather, Plaintiffs argue that the facts of this particular case are such that equity warrants this Court to toll the statute of limitations. Plaintiffs argue that they did not cause the delay. Rather, Plaintiffs assert that both counsels' negotiations of the issuance of notice as well as this Court's consideration of the notice issue caused the delay and thereby prevented prompt notice to Plaintiffs. Plaintiffs also emphasize that Defendant explicitly told the employees to wait to participate. Thus, Plaintiffs claim that it was reasonable for the employees to be unaware of the FSLA filing requirement during the waiting period. Furthermore, Plaintiffs assert that they diligently pursued their rights by filing their consent forms after they received notice. Consequently, without tolling, Plaintiffs allege that their rights are unduly prejudiced. Plaintiffs

argue that each day that passed during this time precluded the claims of parties who would otherwise be potential opt-in plaintiffs due to statute of limitations considerations. Finally, Plaintiffs posit that tolling will not prejudice Defendants who were aware of the scope of liability from the beginning of this suit.

This Court finds Plaintiffs' arguments more convincing.

## A. FLSA Statute of Limitations

An FSLA action to recover unpaid wages and overtime compensation must be "commenced within two years after the cause of action accrued...." 29 U.S.C. § 255(a). An action is "commenced" on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256. In the case of a collective action, such as this one, if the individual claimant does not immediately file written consent to become a party plaintiff or if his or her name does not appear on the initial complaint, plaintiff's action is considered to be commenced when a plaintiff files a written consent. 29 U.S.C. § 256(b).

## B. Equitable Tolling

The text of FLSA demonstrates that Congress chose to provide an opt-in mechanism which necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form. The fact that a potential opt-in plaintiff first has to be notified of his or her eligibility to participate before he or she can file a consent form explains the lapsed time. While the language of the statute may not consider equitable tolling, Congress did not explicitly remove from this Court, its equitable power to toll the FLSA's statute of limitations. Rather, the equitable tolling doctrine is read into every federal statute. *U.S. v. $57,960.00 in U.S. Currency* 58 F.Supp.2d 660, 664 (D.S.C.1999) (citing

*Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1946)) (emphasis added). It is an equitable doctrine that permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity. *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (stating that "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis."). The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court. *Truitt,* 148 F.3d at 648 (stating that a district court's decision regarding equitable tolling is reviewed for an abuse of discretion). It is the plaintiff's burden to demonstrate why he or she is entitled to equitable tolling of the statute of limitations. *See Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.2004).

This Court is mindful of the fact that the federal courts should only invoke equitable tolling sparingly. *See Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000). Courts should grant equitable tolling only when the circumstances of the case warrant equitable action. Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys,* 209 F.3d at 561–62 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)) (stating that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

The Sixth Circuit has set forth the following five factors to guide a court's inquiry to determine whether equitable tolling should apply: 1) plaintiff's lack of notice of the filing requirement; 2) plain-

tiff's lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's legal rights; 4) absence of prejudice to the defendant [1]; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement for filing his claim. *Allen,* 366 F.3d at 401. These factors are not necessarily comprehensive. *Allen,* 366 F.3d at 401 (citing *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir.2003)). In some instances, not every factor will be relevant. *Id.* In other cases, this court has the discretion to consider other factors if equity so demands. *Id.*

### 1. The Filing Requirement

### a. Actual Notice

With respect to Plaintiffs actual notice of the filing requirement, Defendant contends that at Defendant's informational meeting on March 1, 2006, Defendant made all of the then current employees aware of their rights under the FSLA and informed them that at least one individual believed that Defendant had violated her rights under the FSLA. Specifically, it is undisputed that Defendant advised its current employees at that time "that in the not-too-distinct future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." (Doc # 46 at 16.) Thus, Defendant contends that Plaintiffs should have started to inquire at that point about their legal rights.

█ First, this Court finds that Defendant's statements gave rise to actual knowledge of a FLSA lawsuit to only those Plaintiffs who were then current employees. Defendant's remarks did not provide actual notice of the FLSA lawsuit to potential plaintiffs who were no longer employees at that time. More importantly, Defendant's comments did not provide actual notice of the filing requirement to Plaintiffs. This Court did approve of Defendant's March 1, 2007 statements to its employees. But, that approval does not serve as a basis for Defendant to posit that the statement provided actual notice of the filing requirement. There is no evidence in the record that suggests to this Court that Defendant tricked Plaintiffs or concealed from Plaintiffs their rights under the FLSA. This Court does find, however, that Defendant's statements inadvertently lulled Plaintiffs into a justified sense of complacency and security. In other words, Defendant induced Plaintiffs into reasonably believing that they could and should wait until they received notice of their eligibility before they inquired about and potentially pursued their legal FSLA rights. Thus, as a result of Defendant's instructions, it was entirely reasonable for Plaintiffs to remain ignorant of the fact that the viability of their claims hinged upon filing their consent forms. Furthermore, given these instructions, it would be inequitable to then punish Plaintiffs for failing to inform themselves about the filing requirement.

█ Lastly, this Court rejects Defendant's contention that receipt of a corporate bonus pay plan prior to August 1, 2005 gave Plaintiffs notice that Defendants corporate policies may have been violating their rights under the FLSA. It does not follow that receipt of the bonus plan—which authorized deductions from base salary to recover earlier bonus overpayments—provided actual notice to Plaintiffs that Defendant may have been violating their FLSA rights. Nor can Plaintiffs' receipt of a bonus plan be interpreted as to provide actual notice to Plaintiffs of a filing requirement under the FLSA.

---

**1.** The Sixth Circuit has emphasized that the "[a]bsence of prejudice [to defendant] is a factor to be considered only after a factor that might justify tolling is identified." *Allen,* 366 F.3d at 401 (quoting *Vroman,* 346 F.3d at 605).

### b. Constructive Notice

With respect to constructive notice, this Court acknowledges that the Sixth Circuit in an unpublished decision has recognized that the mere existence of the FLSA statute provides plaintiffs with constructive notice of their rights under the FLSA and the filing deadlines. *Archer v. Sullivan County Tenn.*, 129 F.3d 1263, 1997 WL 720406 at *4 (6th Cir.1997) (table). If the mere existence of a law suffices to impart constructive notice, an inquiry into the notice factors would be meaningless. A court would always find that every plaintiff had constructive notice of the filing requirement. Such a finding also questions why notice is required to be sent to all potential opt-in plaintiffs to inform them of their rights and statutory deadlines.

■ Moreover, *Black's Law Dictionary* (8th ed.2004) defines constructive knowledge "as knowledge that one using reasonable care or diligence should have." At the March 1, 2006 meeting, the then current employees were only informed of the FLSA lawsuit, and were also told, "in the not-too-distant future, you'll be receiving a notice informing you of the lawsuit and your eligibility to participate in it." (Doc. # 46 at 16.) In light of Defendant's actions at this meeting, it could be reasonable, even with knowledge of the FLSA, for Plaintiffs to have waited for notice before they investigated the procedural requirements of participation.

Thus, on the facts of this case, equity demands that this Court give little weight to the fact that the mere existence of the FLSA placed Plaintiffs on constructive notice of the filing requirement.

### 2. Diligence in Pursuing One's Rights

■ The Supreme Court has stated that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center*, 466 U.S. at 194–50, 104 S.Ct. 1723. Defendant argues that Plaintiffs' lack of diligence is exhibited by no employee "pursuing his or her rights prior to Baden–Winterwood filing the Complaint in the instant litigation." (Doc. 46 at 18.) In the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit. *See Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312–13 (S.D.W.Va.1986). This Court finds that the named Plaintiff and other opt-in Plaintiffs were diligent in pursuing their legal rights. First, the named Plaintiff acted diligently when she filed a motion to provide notice immediately upon filing the complaint. Secondly, Plaintiffs exhibited diligence when they promptly returned their consent forms after receiving notice of their eligibility to participate. Plaintiffs lost time in pursuing their rights because both parties' inability to reach an agreement on how to best provide notice to potential plaintiffs. This dispute caused this Court to become involved in drafting the notice provision. (Doc. # 44–1 at 1.) Thus, the time that Plaintiffs lost pursuing their rights was not a result of a lack of diligence on their part. Rather, Plaintiffs' action indicate that they were diligent.

### 3. Absence of Prejudice to the Defendant

■ "Absence of prejudice [to the defendant] is to be considered only after a factor that might justify tolling is identified." *Allen*, 366 F.3d at 404. Because this Court has determined that at least one factor weighs in Plaintiffs' favor, this Court will entertain whether tolling would prejudice Defendant.

■ The purposes of statute of limitations is to ensure fairness to defendants by notifying defendants of the claims they

must defend before they grow stale. *American Pipe and Construction v. Utah*, 414 U.S. 538, 561, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (Blackmun, J., concurring) (stating that "the purpose of the statute of limitations is to prevent surprises 'through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared' ") (quoting *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 88 L.Ed. 788 (1944)).

In this case, Defendant does not dispute the fact that the potential addition of more Plaintiffs would not cause prejudice to Defendant. Moreover, Defendant had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing. Thus, Defendant was fully aware of its scope of potential liability. Therefore, on the facts of this case, tolling would not prejudice Defendant by allowing an additional claim to be brought. Thus, this factor also weighs in favor of tolling the statute of limitations.

### 4. Plaintiffs' Reasonableness in Remaining Ignorant of the Filing Requirement

The Sixth Circuit has stated that "[i]gnorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991). The Sixth Circuit has also recognized, however, that ignorance of a filing requirement may be reasonable under certain circumstances to warrant equitable tolling. *See Allen*, 366 F.3d at 401. Here, Defendant informed Plaintiffs of the FLSA lawsuit and potential wage violations but never advised them of the filing requirement. More importantly, Defendant told its employees that notice regarding the lawsuit would be forthcoming. This Court emphasizes its finding that in light Defendant's instructions, it was entirely reasonable for Plaintiffs to remain ignorant of the filing requirement. Thus, this Court also concludes that Plaintiffs acted reasonably when they waited until they received the notice to investigate whether they wanted to join suit. Thus, Plaintiffs were reasonable in remaining ignorant of the filing requirement.

### III.   Conclusion

For the reasons aforementioned, this Court finds that equitable tolling of the statute of limitations in this case is warranted. This Court **GRANTS** Plaintiff's motion (Doc. # 44) and denies Defendant's request for oral argument. (Doc. # 46.) This Court **ORDERS** that the statute of limitations be tolled from February 24, 2006, the date on which discussions regarding the notice provision began, until August 2, 2006, when this Court ruled on the notice motion.

**IT IS SO ORDERED.**