Lee W. **STRUCK,** et al., **Plaintiffs,**

v.

**PNC BANK N.A., Defendant.**

Case No. 2:11–CV–00982.

United States District Court,
S.D. Ohio,
Eastern Division.

March 19, 2013.

David P. Meyer, Matthew R. Wilson, Meyer Wilson Co., LPA, Jami S. Oliver, Columbus, OH, Bridget M. Wasson, Meyer Wilson Co., LPA, Dublin, OH, Paul J. Lukas, Reena I. Desai, Timothy C. Selander, Minneapolis, MN, for Plaintiffs.

Andrew Christian Smith, Columbus, OH, John R. Richards, Morgan Lewis & Bockius, Washington, DC, Sarah E. Bouchard, Steven R. Wall, Philadelphia, PA, for Defendant.

## ORDER

ALGENON L. MARBLEY, District Judge.

This matter is before the Court on the Plaintiffs' submission Regarding Scope of the Class List and Equitable Tolling, (Doc. 83), as well as Defendant's Motion to Clarify Regarding the Scope of the Putative Class, (Doc. 84). For the reasons set forth below, Plaintiff's request is **GRANTED** in part and Defendant's Motion is **DENIED**.

## I. BACKGROUND

On November 3, 2011, Plaintiffs Lee Struck ("Struck") and Christopher Kusserow ("Kusserow") (collectively "Plaintiffs") brought this action for unpaid overtime and related relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of themselves and a putative class of current and former Mortgage Loan Officers ("MLOs") employed by Defendant PNC Bank, N.A. ("PNC" or "Defendant"). (Doc. 2.) On March 19, 2012, Plaintiffs moved to certify conditionally and issue court-supervised notice to a putative class of current and former MLOs.

This Court granted Plaintiffs' motion in its Order dated February 13, 2013. (Doc. 80, 2013 WL 571849.) Specifically, citing the FLSA's three year statute of limitations, (see id. at 4 n. 3), this Court conditionally certified a class of MLOs employed at any of PNC's locations across the country during any workweek since November 3, 2008. (Id. at 12.) The Court further ordered Defendant to "gather and provide Plaintiffs with the full name and last known home address of each employee and former employee fitting the class description, as well as the last known personal email address of each former employee fitting the class description." (Doc. 80 at 13.) In addition, the Court directed the

parties to confer and submit for approval a joint proposed notice and plan for the distribution of notice or, if unable to agree, separate proposed notices and distribution plans. The Order dictated that, in the event the parties were unable to reach agreement, each party would be permitted to submit limited briefing on the disputed matters.

The parties have now reached agreement as to a joint proposed notice to the putative class, and have submitted it for the Court's approval, (Doc. 83, Ex. 1). The parties have not, however, been able to reach agreement as to a distribution plan. In particular, the parties disagree about the scope of the class to whom notice should be issued.

Defendant argues that the FLSA's statute of limitations has run for potential plaintiffs whose claims arose from employment before February 13, 2010 (three years prior to the Court's conditional certification order) and who have not yet opted into this action. Defendant requests clarification from this Court that the Court's prior order did not toll the FLSA statute of limitations and that notice need only be issued to MLOs employed during any workweek between February 13, 2010 and April 4, 2011 (the date on which PNC reclassified its MLOs to be eligible for overtime). Defendant has not produced to Plaintiffs the contact information of MLOs employed by solely prior to February 13, 2010.

In contrast, Plaintiffs read the Court's order to require notice to all MLOs employed at PNC between November 3, 2008 and April 4, 2011. They, therefore, request that the Court clarify its prior order in their favor and compel Defendant to produce the withheld contact information for MLOs employed between February 8, 2008 and February 13, 2010. In addition, Plaintiffs ask this Court to equitably toll the FLSA's statute of limitations for po-

tential opt-in plaintiffs to the extent it has not already done so.

## II. LAW AND ANALYSIS

Defendant's filings in connection with Plaintiffs' certification motion made no challenge to the scope of the notice class on the basis of the FLSA's statute of limitations. Nor did Plaintiffs or Defendant raise the issue of equitable tolling in their earlier filings. Therefore, the Court now considers the related questions of equitable tolling and the scope of the notice class for the first time. Because both parties briefed these matters in their most recent filings, (Docs. 83 & 84), they are ripe for decision.

The Court agrees with Defendant that notice need not be sent to potential plaintiffs whose claims would not now be timely. As the Court noted in its Certification Order, "the commencement of a collective action under § 216(b) does not toll the statute of limitations period for plaintiffs who have failed to opt-in." (Doc. 80 at 4) (quoting *Heibel v. U.S. Bank Nat'l Association*, No. 2:11–cv–593, 2012 WL 4463771, at *7 (S.D.Ohio Sept. 27, 2012)). The question, then, is whether equitable considerations in this case dictate that FLSA's three-year statute of limitations be tolled to preserve claims of potential opt-in plaintiffs employed as MLOs between November 3, 2008 and February 13, 2010. Plaintiffs argue that the equitable tolling is necessary here to preserve the unjust extinction of potentially meritorious claims by potential plaintiffs who, through no fault of their own, have received no notice of the pendency of this action. Defendants respond that delay in issuing notice to a conditionally certified FLSA class is not an exceptional circumstance that warrants such an exceptional remedy.

## A. Equitable Tolling Standard

█ The doctrine of equitable tolling "permits courts to extend the statute of limitations on a case-by-case basis to prevent inequity." *Baden–Winterwood v. Life Time Fitness*, 484 F.Supp.2d 822, 826 (S.D.Ohio 2007) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir.1998)). The "equitable tolling doctrine is read into every federal statute." *Id.* (citing *U.S. v. $57,960.00 in U.S. Currency* 58 F.Supp.2d 660, 664 (D.S.C.1999)). Thus, although the FLSA's opt-in mechanism "necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form," the Act did not limit courts' "equitable power to toll the FLSA's statute of limitations." *Id.* The decision to invoke equitable tolling in a particular case, therefore, lies solely within the discretion of the trial court. *Id.* (citing *Truitt*, 148 F.3d at 648).

█ A plaintiff bears the burden of demonstrating why he or she is entitled to equitably toll the statute of limitations in a particular case. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir.2004). Moreover, it is well-established that equitable tolling should be granted only sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 90, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir.2001). Thus, courts should grant equitable tolling only when the circumstances of the case warrant equitable action. Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–2 (6th Cir.2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

█ The Sixth Circuit has articulated five factors to guide courts in determining whether equitable tolling should apply in a particular case:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Cook v. Comm'r of Social Security*, 480 F.3d 432, 437 (6th Cir.2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.2001)). This list "is not necessarily comprehensive, and not all factors are relevant in all cases." *Allen*, 366 F.3d at 401 (quoting *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir.2003)). Indeed, "equitable tolling has been found where three of the five factors were not satisfied." *Roslies–Perez v. Superior Forestry Service, Inc.*, 652 F.Supp.2d 887, 899 (M.D.Tenn. 2009) (tolling FLSA statute of limitations for putative class members) (citing *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007)). As set forth below, based on these factors, the Court agrees that the interests of justice favor equitable tolling in this case.

### 1. Actual Notice

With respect to the first factor, this Court finds that potential opt-in plaintiffs almost certainly lacked actual notice of this case. *See Bolletino v. Cellular Sales of Knoxville, Inc.*, 3:12–cv–138, 2012 WL 3263941, at *4 (E.D.Tenn. Aug. 9, 2012) (finding that "potential opt-in plaintiffs almost certainly lack notice ... of the filing requirement and lack knowledge of the FLSA or their potential claim" and granting equitable tolling). As this Court found previously, the mere existence of Plaintiffs' website regarding the pendency of this

action does not assure that such information actually reached potential opt-in plaintiffs. (Doc. 80 at 11) ("[A]s Defendant itself points out, PNC currently employs approximately 1,100 MLOs. The class of current and former MLOs with potential claims is therefore likely much larger. That Plaintiffs' were able to contact successfully some 45 opt-in plaintiffs without the Court's aid does not negate the need to facilitate notice to other class members . . . .").

Furthermore, due in part to the parties' dispute over the scope of the required notice, more than a year will have passed between Plaintiffs' initial request for court-supervised notice—filed on March 19, 2012—and the issuance of such notice to potential opt-in plaintiffs. That delay constitutes more than one-third of the FLSA's statute of limitations period and has the potential to extinguish the claims of a substantial portion of the putative class. Thus, while the FLSA's opt-in mechanism "necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form," *Baden–Winterwood,* 484 F.Supp.2d at 826, the extreme delay in receipt of actual notice in this case—through no fault of the potential plaintiffs—will prove highly prejudicial. Where "early notice to Opt-in Plaintiffs in a[n] [FLSA] collective action . . . was not possible [because] Defendant is in sole possession of the names and last known physical addresses of all potential Opt-in Plaintiffs[,] . . . . allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust." *Stransky v. HealthONE of Denver, Inc.,* 868 F.Supp.2d 1178, 1181–82 (D.Colo.2012) (tolling the FLSA's statute of limitations for potential opt-in plaintiffs). The Court, therefore, finds that this factor weighs strongly in favor of tolling the statute of limitations.

### 2. Constructive Notice

With respect to constructive notice, "this Court acknowledges that the Sixth Circuit in an unpublished opinion has recognized that the mere existence of the FLSA statute provides plaintiffs with constructive notice of their rights under the FLSA and the filing deadlines." *Baden–Winterwood,* 484 F.Supp.2d at 828 (citing *Archer v. Sullivan County Tenn.,* 129 F.3d 1263, 1997 WL 720406 at \*4 (6th Cir.1997) (table)). Nevertheless, "[i]f the mere existence of a law suffices to impart constructive notice, an inquiry into the notice factors would be meaningless" because "[a] court would always find that every plaintiff had constructive notice of the filing requirement." *Id.* Moreover, "[s]uch a finding also questions why notice is required to be sent to all potential opt-in plaintiffs to inform them of their rights and statutory deadlines." *Id.* Thus, in light of the facts of this case and the strength of the other factors in Plaintiffs' favor, "equity demands that this Court give little weight to the fact that the mere existence of the FLSA placed Plaintiffs on constructive notice of the filing requirement." *Id.* (granting FLSA plaintiffs' request for equitable tolling).

### 3. Dilligence

The Supreme Court has stated that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Center,* 466 U.S. at 194–50, 104 S.Ct. 1723. Here, Plaintiffs have been diligent in pursuing their rights. Indeed, as previously referenced, Plaintiffs moved for conditional class certification and court-supervised notice on March 19, 2012, a mere four months after the commencement of their FLSA action.

■ As to potential opt-in plaintiffs, they could not have diligently filed consent forms with the Court if unaware of their

848

rights to join the case: "[i]n the context of an opt-in collective action, diligence is measured by whether Plaintiffs opted-in when given the opportunity, not by whether Plaintiffs chose to initially bring a lawsuit." *Baden–Winterwood*, 484 F.Supp.2d at 828 (citing *Owens v. Bethlehem Mines Corp.*, 630 F.Supp. 309, 312–13 (S.D.W.Va. 1986)). Having found that potential opt-in plaintiffs almost certainly lacked knowledge of the pendency of this action, the Court finds too that potential plaintiffs' failure to opt into the suit does not indicate a lack of diligence. Rather, the more than year-long delay in the issuance of notice—which this Court already determined was necessary to inform putative classmembers of their FLSA rights—constitutes an "extraordinary circumstance that stood in [the] way" of potential plaintiffs' exercise of those rights. *Abadeer v. Tyson Foods, Inc.*, 3:09–0125, 2010 WL 5158873, at *2 (M.D.Tenn. Dec. 14, 2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). Accordingly, this factor too weighs in Plaintiffs' favor.

### 4. Absence of Prejudice to Defendant

With respect to factor four, the Sixth Circuit has emphasized that "[a]bsence of prejudice [to defendant] is a factor to be considered only after a factor that might justify tolling is identified." *Baden–Winterwood*, 484 F.Supp.2d at 826 (alterations in original) (quoting *Allen*, 366 F.3d at 401–2). Having determined that at least two factors weigh in favor of equitable tolling, the Court examines whether such tolling would be prejudicial. Here, the Court finds that Defendant "had full knowledge that the named Plaintiff brought the suit as a collective action on the date of the filing" and "was fully aware of its scope of potential liability." *Id.* at 828–29. Therefore, Defendant is not in any way prejudiced by the tolling of the FLSA's statute of limitations for potential opt-in plaintiffs in this case.

### 5. Plaintiffs' Reasonableness in Remaining Ignorant of Filing Deadline

Although "[i]gnorance of the law alone is not sufficient to warrant equitable tolling," *id.* at 829 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)), the Sixth Circuit has recognized that "ignorance of a filing requirement may be reasonable under certain circumstances to warrant equitable tolling." *Id.* (citing *Allen*, 366 F.3d at 401). Here, the vast majority of potential opt-in plaintiffs were never informed of the FLSA lawsuit or Defendant's potential wage violations, and won't be so notified until the court-ordered notice is issued in this case. By that time, as discussed above, a substantial portion of those claims will already be untimely. This Court finds that it is entirely reasonable that putative class members who received no actual notice of the pendency of this action would remain ignorant of the filing deadline. Therefore, this factor too weighs in favor of equitable tolling.

### B. Scope of Equitable Tolling and Notice

In light of the above, this Court finds that the interests of justice weigh heavily in favor of tolling the FLSA's statute of limitations for putative opt-in plaintiffs. The Court, however, declines Plaintiffs' request to toll the statute of limitations as of November 3, 2011, the date this action was filed. Rather, it is proper to toll the statute of limitations from the date Plaintiffs sought to notify putative class members of the pending action, March 19, 2012. Such tolling shall run until 60 days after notice is mailed to putative class members. *See Stransky*, 868 F.Supp.2d at 1182 (tolling the FLSA's statute of limitations for potential opt-in

plaintiffs from the date of plaintiffs' motion for judicial notice until 90 days after such notice is received); *Baden–Winterwood*, 484 F.Supp.2d at 829 (tolling the FLSA statute of limitations from the date Plaintiff initiated discussions regarding notice to putative class members until the date of the court's ruling on the notice order); *Abadeer*, 2010 WL 5158873, at *3 (tolling the FLSA statute of limitations during the pendency of motions concerning notice to putative class, and extending 120 days from the date of approval of the requested notice). With these limitations, Plaintiffs' request for equitable tolling of the FLSA's statute of limitations for potential opt-in plaintiffs is **GRANTED.**

Accordingly, Notice shall be given to all MLOs employed by PNC during any workweek between March 19, 2009 and April 4, 2011 (the date on which PNC reclassified its MLOs as overtime-eligible). The Court therefore **ORDERS** that, that, within **seven (7) days** of the date of this Order, or no later than **March 26, 2013 at 5 p.m.,** Defendant shall gather and provide Plaintiffs with the full name and last known home address of each employee and former employee in that notice class, as well as the last known personal email address of each former employee within that notice class. Notice shall be mailed and/or emailed to the notice class within **14 days** of the date of this Order no later than **April 2, 2013.** The parties' joint proposed notice, "Notice of Collective Action Lawsuit," (Doc. 83, Ex. A), is hereby **APPROVED** with the following alterations:

- On page 1 of the notice, the recipient line shall read: "**TO: All present and former Mortgage Loan Officers employed by PNC Bank N.A. between March 19, 2009 and April 4, 2011**"
- On page 3 of the notice, item "2" shall read: "Since March 19, 2009, there were weeks in which I worked more than 40 hours as a mortgage loan officer (or related job title) for PNC Bank and did not receive proper compensation for my hours worked, including overtime pay."

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' request for equitable tolling and to compel production of certain contact information is **GRANTED** in part, and Defendant's Motion to Clarify is **DENIED.** The FLSA statute of limitations for potential opt-in plaintiffs shall be **tolled from March 19, 2012 until 60 days after notice is mailed** to putative class members. The parties' joint proposed notice is **APPROVED** with the alterations identified in this Order. Notice shall be sent to all present and former Mortgage Loan Officers employed by PNC Bank N.A. between March 19, 2009 and April 4, 2011. Defendant shall provide to Plaintiffs the above-identified contact information for current and former employees within **seven (7) days** of the date of this Order, or no later than **March 26, 2013 at 5 p.m.** Notice consistent with this Order shall be mailed and/or emailed within **14 days** of the date of this Order, or no later than **April 2, 2013.**

**IT IS SO ORDERED.**