NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

ROBERT A. MATTISON, *Plaintiff/Appellant,*

*v.*

CITY OF SCOTTSDALE, et al., *Defendants/Appellees.*

No. 1 CA-CV 15-0479
FILED 8-30-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2015-003572
The Honorable Douglas Gerlach, Judge

**AFFIRMED**

———————————————

COUNSEL

Robert A. Mattison, San Luis
*Plaintiff/Appellant*

Scottsdale City Attorney's Office, Scottsdale
By Lori S. Davis
*Counsel for Defendants/Appellees*

———————————————

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Chief Judge Michael J. Brown joined.

———————————————

**J O N E S**, Judge:

¶1        Robert Mattison appeals the trial court's order dismissing his complaint against Appellees (collectively, the City). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In January 2011, Mattison was arrested by City of Scottsdale police officers and charged with one count of aggravated driving under the influence (DUI) and one count of possession or use of marijuana. Mattison made an initial appearance in November 2011 and entered a not guilty plea in January 2012, after hand-delivering a letter of complaint to the City of Scottsdale Mayor's office and personally complaining to a prosecutor about the arresting officer's behavior. More than three years later, in March 2015, Mattison filed a civil complaint against the City seeking relief arising from the City's conduct in relation to his arrest and prosecution, including negligent investigation, failure to preserve and disclose exculpatory evidence, prosecutorial misconduct, failure to adequately train its employees, and use of excessive force.[1]

¶3        In June 2015, the City filed a motion to dismiss asserting Mattison failed to state a claim upon the grounds that: (1) the claims were barred by the statute of limitations; (2) the facts alleged did not entitle Mattison to the relief sought; (3) Mattison did not serve a timely notice of claim upon the municipal entity and employee pursuant to Arizona Revised Statutes (A.R.S.) section 12-821.01(A)[2]; and (4) service was defective. *See* Ariz. R. Civ. P. 12(b)(5), (6). The trial court granted the motion, and Mattison timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[1]        Although not identified within the caption of his complaint, Mattison also alleged claims against Maricopa County Inmate Legal Services (MCILS). Because MCILS was never served with the complaint, it is not a party to this appeal. *See McHazlett v. Otis Eng'g Corp*., 133 Ariz. 530, 532 (1982) (holding that unserved defendants are not "parties" within the meaning of the Arizona Rules of Civil Procedure).

[2]        Absent material changes from the relevant date, we cite a statute's current version.

## DISCUSSION

**¶4** We review a trial court's dismissal of a complaint for failure to state a claim *de novo*.[3] *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012). In doing so, we will "assume the truth of the well-pled factual allegations and indulge all reasonable inferences from those facts." *Id.* at 356, ¶ 9 (citing *Cullen v. Auto-Owners Ins.*, 218 Ariz. 417, 419, ¶ 7 (2008)). However, we will not "speculate about hypothetical facts that might entitle the plaintiff to relief." *Cullen*, 218 Ariz. at 420, ¶ 14. Nor will we "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (citations omitted).

**¶5** Mattison argues the dismissal of the complaint deprived him of his rights of access to the courts and a trial by jury.[4] However, a party to a civil action is specifically authorized to request dismissal where the complaint "[f]ail[s] to state a claim upon which relief can be granted." Ariz. R. Civ. P. 12(b)(6). The purpose of a motion under Rule 12(b) is to test the

---

[3] Although the City attached copies of the January 2011 arrest report and correspondence from Mattison to the Scottsdale Police Department to its motion to dismiss, the trial court did not rely upon the extrinsic information in reaching its decision and we do not treat the motion as one for summary judgment. *See Belen Loan Inv'rs, L.L.C. v. Bradley*, 231 Ariz. 448, 452, ¶ 7 (App. 2012) ("[I]f extraneous matters neither add to nor subtract from the deficiency of the pleading, the motion need not be converted.") (citing *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, L.L.C.*, 224 Ariz. 60, 61, ¶¶ 10, 13-14 (App. 2010)). Additionally, the court was authorized to take judicial notice of the court records of the criminal prosecution of Mattison in considering the merits of the City's motion. *See Strategic Dev.*, 224 Ariz. at 64 ("[A] Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment.) (citations omitted).

[4] Mattison's opening brief does not comply with ARCAP 4 (outlining the appropriate format for an appellate brief) or 13 (requiring an appellate brief to contain a detailed statement of the facts, including appropriate references to the record, as well as a citation to legal authorities supporting the arguments presented for review). Because we prefer to decide cases on the merits, *Clemens v. Clark*, 101 Ariz. 413, 414 (1966), in our discretion we address Mattison's arguments as best as we can understand them.

sufficiency of the complaint. *See Colboch v. Aviation Credit Corp.*, 64 Ariz. 88, 92 (1946). If a plaintiff is not entitled to relief "under any facts susceptible of proof in the statement of the claim," a motion to dismiss may be granted and the litigation ended. *ELM Ret. Ctr., L.P. v. Callaway*, 226 Ariz. 287, 289, ¶ 5 (App. 2010) (quoting *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996)). A complaint fails to state a claim if it is not brought in a timely fashion. *See, e.g., Pivotal Colo. II, L.L.C. v. Ariz. Pub. Safety Pers. Ret. Sys.*, 234 Ariz. 369, 374, ¶ 22 (App. 2014) (affirming dismissal of a complaint filed after the expiration of the applicable statute of limitations).

**¶6** Pursuant to A.R.S. § 12-821, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." For purposes of this section, a cause of action accrues when the injured party "realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B); *Dube v. Likins*, 216 Ariz. 406, 411, ¶ 7 (App. 2007) (citing *Long v. City of Glendale*, 208 Ariz. 319, 325, ¶ 9 (App. 2004)). When the complaint, on its face, reflects the action is barred by the statute of limitations, the plaintiff bears the burden of proving the statute was tolled. *McCloud v. Ariz. Dep't of Pub. Safety*, 217 Ariz. 82, 85, ¶ 8 (App. 2007) (citing *Anson v. Am. Motors Corp.*, 155 Ariz. 420, 421 (App. 1987), and *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007)). If he cannot do so, the action should be dismissed. *See id.*

**¶7** Mattison was arrested in January 2011. To the extent he believed he was injured by the arresting officers, that information was immediately available to him. Additionally, Mattison knew he was facing criminal charges as a result of that arrest by November 2011 and acknowledges having complained to the City of Scottsdale Mayor and the prosecutor about the City's purported misconduct in 2011, and again in January 2012. Mattison does not explain the additional two-year delay in filing his complaint and failed to meet his burden of proving the statute of limitations was tolled. The record reflects the one-year statute of limitations on Mattison's claims expired no later than January 2013, and we find no error in the dismissal of Mattison's complaint.[5]

---

[5] Because we affirm the dismissal of Mattison's complaint on other grounds, we need not and do not address Mattison's argument that the City thwarted his attempts to serve a notice of claim in compliance with A.R.S. § 12-821.01(A). *See Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391,

## CONCLUSION

**¶8**　　　The trial court's order granting the City's motion to dismiss is affirmed.



Amy M. Wood • Clerk of the court
FILED:  AA

¶ 10 (App. 2014) ("[W]e may affirm if the dismissal is correct for any reason.") (citing *Dube*, 216 Ariz. at 406 n.3).